ALBERT L. SOULE vs. JOSIAH BRUCE.

Lincoln.    Decided October 25, 1877.

*Evidence.    Amendment.*

In an action of assault and battery, evidence of the peaceable character of the defendant is not admissible.

The plaintiff, after he opened his case to the jury and put in much evidence, was allowed to amend his declaration by striking out the following words: "Hath suffered great humiliation in his feelings and great degradation and disgrace in the estimation of the good people of this state." *Held*, that the amendment was a matter of judicial discretion and was allowable at any stage of the trial.

ON EXCEPTIONS by each party.    The verdict was for the plaintiff for $200.

I. DEFENDANT'S EXCEPTIONS.    Trespass: For that the said Josiah Bruce, at said Somerville, on the twenty-seventh day of May, A. D. 1875, with force and arms assaulted the plaintiff, and then and there struck, beat, kicked, bruised, wounded and ill-treated him, and then and there caught the plaintiff by his shoulder and arm, and with great force, violence and power threw said plaintiff from the platform of his store into the highway, striking upon his left arm and shoulder, thereby breaking and dislocating the same and then and there struck the plaintiff divers grievous blows upon, across and over his head, face, eyes, shoulders and other parts of his body, and then and there with his feet kicked said plaintiff divers times in his side and other parts of his body, and thereby greatly cut and wounded the face, head, eyes, shoulders, legs and arms and side of the plaintiff, and made divers large and deep cuts, gashes and wounds therein, the said defendant then and there with his feet and hands violently and grievously did kick, strike and beat, giving to the plaintiff in and upon his head, breast, shoulders, back, sides and other parts of his body divers bruises, hurts and wounds by means whereof the plaintiff hath suffered and still does suffer great pain in body and mind, by means whereof the plaintiff hath not only suffered great pain both of body and mind but he hath from thence hitherto been deprived of the use of his left shoulder and arm, and hath suffered much pain and weakness in his side, shoulders and arms, occasioned by

the injuries aforesaid, and is not likely to be a well man again, by means whereof the plaintiff hath not only suffered great pain both in body and mind, but [hath suffered great humiliation in his feelings and great degradation and disgrace in the estimation of the good people of this state] by means of all said wrongs and injuries the plaintiff was put to great cost and expense in care, nursing and medical attendance on account of the injuries to his person caused thereby; and other wrongs, injuries, outrages and enormities defendant then and there committed, against the peace, to the damage of the said plaintiff, (as he saith) the sum of five thousand dollars. The plea was the general issue.

In the opening of the plaintiff's counsel, he claimed damages for the public humiliation and disgrace as set forth in the writ, and also that the assault was willful and malicious and he claimed punitive damages. After he put in evidence a half day, he moved to amend by striking out the following words : "Hath suffered great humiliation in his feelings and great degradation and disgrace in the estimation of the good people of this state."

This amendment was objected to by the defendant at that stage of the case, because it shut out the provocation. Afterwards when the plaintiff's evidence was all closed, and while the defendant was introducing his evidence and offered evidence of the provocation, the plaintiff abandoned his claim for punitive damages.

To this amendment, under the circumstances and at the time it was allowed, the defendant excepted.

II. PLAINTIFF'S EXCEPTIONS. All claim for punitive damages. was waived. Evidence of the defendant's good character as a peaceable man was introduced under objection; and the plaintiff alleged exceptions.

*A. P. Gould & J. E. Moore,* for the plaintiff.

*J. Baker,* for the defendant.

APPLETON, C. J. This is an action of trespass for an assault and battery.

The defendant offered evidence to show that the defendant was a man of peaceable character, that he was a very peaceable man,

&c. To the reception of this and similar evidence seasonable objections were made. The question in issue was whether the defendant committed an assault or not. However peaceable and orderly he may have been heretofore is of no consequence, provided he committed the assault in controversy.

The general character of the defendant was not put in issue. It is only when it is so in issue that evidence of general character becomes admissible. "Although in criminal cases good character may be proved by the defendant, as tending to substantiate the plea of not guilty, yet in civil cases such evidence has been held to be irrelevant." 1 Wharton on Evidence, § 47. So in 1 Greenleaf on Evidence, § 54. "In civil cases, such evidence is not admitted, unless the nature of the actions involves the general character of the party, or goes directly to affect it. . . Nor is it received in actions of assault and battery; nor in assumpsit; nor in trespass on the case for malicious prosecution; nor in an information for a penalty for violation of the civil, police or revenue laws; nor in ejectment, brought to set aside a will for fraud committed by the defendant."

These views are sustained by the decisions of this court in *Potter* v. *Webb*, 6 Maine, 14, and in *Thayer* v. *Boyle*, 30 Maine, 475, as well as by the repeated adjudications of the highest tribunals of many of the states.

An amendment may be allowed in any stage of the trial. It was a matter of judicial discretion to allow it or not. It reduced the plaintiff's claim for damages, if it had any effect, and of that the defendant cannot complain.

*Plaintiff's exceptions sustained.*
*Defendant's exceptions overruled.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.