[No. 16016.　Department Two.—December 13, 1895.]

EMMA VANCE, Respondent, *v.* CHARLES RICH-
ARDSON, Appellant.

Jury Trial—Right of Peremptory Challenge—Waiver.—It is proper
practice to have twelve jurors in the box before requiring the parties to
exercise their peremptory challenges, and then to call another juror when-
ever a peremptory challenge shall have been exercised; and then the
parties are to challenge alternately, and if one of them does not exer-
cise his right of challenge in his turn, after the other party has ex.
pressed his satisfaction with the full panel, he cannot afterward be
allowed another peremptory challenge.

Action for Assault and Battery—Evidence—General Reputation of
Defendant.—In a civil action for assault and battery, evidence of the
general reputation of the defendant for peace and quiet is not admissible.

Id.—General Rule in Civil Actions — Evidence of Good Character
—Exceptions.—The general rule is that, in civil actions, evidence of
the good character of the defendant is not admissible, and the excep-
tions consist mostly of cases where the character of some person is the
very issue involved; but an action for assault and battery is not one
of the exceptions.

Id.—Evidence of Conversation—Examination in Chief.—The rule that
upon cross-examination the whole of a conversation may be brought out
in regard to which there has been any evidence in chief does not au-
thorize a party whose witness is testifying in chief to ask the witness to
state the whole of a conversation, which may involve a mass of matter
not relevant; and a refusal of the court to permit such statement is not
prejudicial, as the party has the right to call the attention of the wit-
ness to any further relevant declarations.

Appeal from a judgment of the Superior Court of
Humboldt County.　G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

*J. W. Turner,* for Appellant.

The lower court erred in refusing to allow defendant
to exercise his right of peremptory challenge after having
passed it for the time being.　(Code Civ. Proc., sec. 601;
*Taylor* v. *Western Pac. R. R. Co.,* 45 Cal. 323; *Silcox* v.
*Lang,* 78 Cal. 123; *Hunter* v. *Parsons,* 22 Mich. 96;
*Adams* v. *Olive,* 48 Ala. 551; *Atchison etc. R. R. Co.* v.
*Franklin,* 23 Kan. 74; *United States* v. *Reed,* 2 Blatchf.
435; *Torrent* v. *Yager,* 52 Mich. 506.)　In a trial for
battery the character of the witness for peace and quiet

can be shown. (*State* v. *Henry*, 5 Jones, 66; *People* v. *Ashe*, 44 Cal. 292; 2 Russell on Crimes, 754.) When part of a conversation is given in evidence, the whole may be given, either on direct or cross-examination. (Code Civ. Proc., secs. 1854, 2048.)

*Frank McGowan*, and *Otto C. Gregor*, for Respondent.

Peremptory challenges must be exercised alternately. (Code Civ. Proc., sec. 601.) Evidence of the reputation of defendant for peace and quiet is immaterial in a case of this kind. (*Anthony* v. *Grand*, 101 Cal. 237; *Brown* v. *Evans*, 17 Fed. Rep. 912; *Elliott* v. *Russell*, 92 Ind. 526; 1 Greenleaf on Evidence, sec. 55; 1 Wharton on Evidence, sec. 47.)

McFARLAND, J.—Appeal by defendant from a judgment rendered for plaintiff. The action is to recover damages for an alleged assault and battery committed by appellant upon the person of respondent. The jury gave damages in the sum of four hundred and fifty dollars. The only questions involved relate to certain alleged errors of law.

Appellant contends that the court erred in a ruling concerning his right of peremptorily challenging jurors. It seems that during the examination of the jurors, and before the panel was filled, each party had alternately exercised peremptory challenges. When the panel was completed it was appellant's turn to challenge, and his attorney said: " I will pass our peremptory for the present." The court asked him if he was satisfied with the jury. Counsel replied that it was his right then to challenge, but that he waived it for the present; that if plaintiff exercised his right the panel would be filled again; and that if plaintiff did not exercise a challenge then appellant would nevertheless have the right to challenge another juror. The court informed him that the court did not understand it that way; and that if he did not then exercise his peremptory challenge, and the plaintiff should express his satisfaction with the jury,

appellant would not afterward be allowed another peremptory challenge. Appellant excepted. The attorney for respondent then said: " I am satisfied with the jury." The attorney for appellant then said: " We now ask the court to permit us to exercise our right of peremptory challenge"; and the court said: " I will deny the request." Appellant excepted. That was all that occurred. Appellant did not offer a challenge to any designated juror.

Assuming that the above presents a definite ruling that can be reviewed, and not a mere abstraction, we see no error committed by the court—and certainly none of which appellant can justly complain. It has been said several times that it is the proper practice to have twelve jurors in the box before requiring the parties to exercise their peremptory challenges, and then to call another juror whenever a peremptory challenge shall have been exercised. (*People* v. *Scoggins*, 37 Cal. 679; *Taylor* v. *Western Pac. R. R. Co.*, 45 Cal. 323; *Silcox* v. *Lang*, 78 Cal. 118.) Then the parties must challenge alternately as provided by section 601 of the Code of Civil Procedure. In the case at bar the parties, without objection by either, adopted the practice of alternately exercising their peremptory challenges while the jurors were being examined and before the panel was filled. Under this method, when the panel was filled, it was appellant's turn, as he admits, to challenge, and, if he desired to do so, he ought to have exercised his right then. He does not complain that the court forced him to challenge before the panel was full; he could not have made such a complaint, because the panel was full. We do not see, therefore, how he was prejudiced, or that he has any just right to complain. He merely sought an advantage to which he was not entitled. There is nothing in this view inconsistent with any of the authorities cited.

The court did not err in refusing to allow testimony of the general reputation of appellant for peace and quiet. The general rule is, that in civil actions, evidence of the good character of the defendant is not ad-

missible.    Wharton, having stated that good character
may be shown in criminal cases where life or liberty is at
stake, says: "But whether it be because in a civil case be-
tween two private parties both parties stand in this re-
spect on the same footing, or whether it be because most
civil suits grow out of, or may be supposed to grow out of,
honest misconceptions of rights, English and American
courts have agreed in holding that, so far as it concerns
the proofs in civil issues, the character of either party
is as a rule irrelevant."    (1 Wharton on Evidence, sec.
47.)    The author then notes the few exceptions to the
rule, which consist mostly of cases where the character
of some person is the very issue involved—as, for in-
stance, the character of the employee, where the em-
ployer is sued for the former's negligence.    Character
for chastity in certain actions is admissible; some courts
have held that in a libel suit the plaintiff may prove his
good character, and also in actions for certain kinds of
fraud; and there are other exceptions to the rule not
necessary to be here mentioned.    Greenleaf states the
rule in this language: "In civil cases such evidence is
not admitted, unless the nature of the action involves
the general character of the party, or goes directly to
affect it."    (1 Greenleaf on Evidence, sec. 54.)    But an
action for assault and battery is not one of the excep-
tions; and both Wharton (Wharton on Evidence, sec.
47) and Greenleaf (1 Greenleaf on Evidence, sec. 55)
say, affirmatively, that evidence of character is not ad-
missible in such action.    The following are a few of the
many adjudicated cases in which it has been so held:
*Elliott* v. *Russell*, 92 Ind. 526; *Gebhart* v. *Burkett*, 57 Ind.
378; *Porter* v. *Seiler*, 23 Pa. St. 424; *Soule* v. *Bruce*, 67
Me. 584; *Givens* v. *Bradley*, 3 Bibb, 192.    Section 2053
of the Code of Civil Procedure is merely a concise state-
ment of the rule as it is to be found in the text-books
and judicial decisions.

When appellant was on the witness-stand, and after
he had testified at length to many things, including
conversations with respondent, his counsel said to him

at a certain point in the examination: " State that whole conversation." And to this an objection by respondent was sustained. Appellant contends that this ruling was error; but the only argument he makes on the point is founded on sections 1854 and 2048 of the Code of Civil Procedure, which sections refer entirely to cross-examinations, and have no relevancy to this point. The conversation might have involved a mass of matter not relevant; and the ruling was not prejudicial, for if appellant's counsel had anything further to prove that was relevant with respect to any declaration of respondent, he could have called the attention of his witness to it. He continued to testify to further occurrences and conversations between respondent and himself.

There are no other points which need special notice. We do not think that the court erred in any ruling upon instructions asked by the parties, or in the instructions given on its own motion. Other minor points are of no importance.

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.