[No. 4439.]

Nicholson v. The People.

1. **Practice in Criminal Cases—Empanelling Jury—Peremptory Challenges.**

In the absence of a statute regulating the empanelling of juries and the exercise of the privilege of peremptory challenges in the trial of criminal cases, the mode of challenging is left to the sound discretion of the court and unless there has been a manifest abuse of that discretion the action of the trial court will not be disturbed by the appellate court.

2. **Same.**

A defendant in a criminal case had used nine of his peremptory challenges and the jury having been filled he was informed by the court that if he wished to challenge any one then in the box he must do so at that time, which he declined to do. The district attorney challenged one man and another juror was called in his place, whereupon defendant sought to exercise his tenth peremptory challenge, but not upon the juror last called, which was denied by the court. Held not an abuse of the court's discretion.

*Error to the District Court of Baca County.*

Messrs. Allen & Webster, Mr. E. Sample and Mr. J. K. Doughty, for plaintiff in error.

Mr. C. C. Post, attorney general, Mr. James D. Merwin and Mr. George M. Post, assistants attorney general, for the people.

Mr. Justice Steele delivered the opinion of the court.

The defendant was found guilty of murder in the second degree and duly sentenced. He asks for a reversal of the judgment because:

1. "The court erred in refusing to permit the defendant to exercise his tenth peremptory challenge

on a juror not satisfactory to the defendant before the jury were sworn to try the cause, to which the defendant then and there excepted."

2. "The court erred in compelling the defendant to exercise peremptory challenges to the jury regardless of the number exercised by the prosecution."

. From the bill of exceptions it appears that upon the trial twelve men were sworn on their *voir dire*, and after examination, passed for cause by the district attorney and the attorney for the defendant. The district attorney then peremptorily challenged four jurors, and four men of the regular panel were called and took seats in the box vacated by those challenged by the district attorney; these four were passed for cause by the district attorney and by the attorney for the defendant. Thereupon, the defendant peremptorily challenged seven, and seven men from the regular panel were called and took the seats vacated by those challenged by the defendant; these seven were passed for cause by both parties. The district attorney then peremptorily challenged three of the seven called, and three men from the regular panel took the places of those challenged and were passed for cause by both the people and the defendant. Thereupon, the defendant challenged two of the three men last called, peremptorily, and two men were called to fill the places of those challenged. The defendant was then asked by the court if he had any further peremptory challenges to exercise, and he answered that he did not desire to exercise the same at that time, and the defendant was then informed that if he desired to exercise a peremptory challenge upon any juror then in the box, he must do so at that time, and that if he passed the jurors then in the box, he would be held to have accepted the same. Thereupon, the district attorney peremptorily challenged

one of the jurors in the box, and one of the men from the regular panel was called in the place of the juror challenged. The juror last called was passed for cause by the district attorney and counsel for the defendant. The defendant then sought to challenge peremptorily one juror, but not the juror last called, and the court denied defendant the right to challenge peremptorily any other juror than the last one called.

The defendant contends that he had the right to ten peremptory challenges, and that the right could be exercised at any time before the jury was sworn to try the cause. The people challenged seven jurors and the defendant nine. The court did not deny the defendant the right to exercise ten peremptory challenges, but limited the exercise of the right to those not in the box at the time the other peremptory challenges were made by the defendant. The defendant declined to exercise any further challenge, and thereupon the district attorney challenged one juror, and a juror in attendance upon the regular panel was called to the box, and the defendant then sought to challenge not the juror last called but a juror who was in the box at the time of the last challenge by the district attorney. The court refused to allow him to exercise the challenge. No exception appears to have been taken to the order or manner in which the challenges were made by the parties otherwise than here stated.

Challenges should be exercised alternately, one by one; and after each challenge the panel refilled. This gives the parties an opportunity to challenge in proper order, and would seem to be the most orderly way of selecting a jury. There appears to be a conflict of authority upon the subject of the right to challenge a juror at any time before he is sworn to try the cause. The practice of the states, while modeled after the common law, is somewhat different. At common law, as a juror was accepted he was

sworn to try the cause, and a peremptory challenge could not be made; but in most of the states only one oath is administered, and that after the jurors are selected, and each party can challenge until the oath is finally administered to the jury. In this case, instead of requiring the parties to accept the individual jurors and then administering the oath, the court did not direct the oath to be administered until the challenges were exhausted or waived.

The defendant complains that by the practice prevailing in the district court he was required to exercise a peremptory challenge without regard to the number exercised by the prosecution; and that under the proper practice he should have had the last challenge. If the practice of alternative challenges, as we have suggested, were adopted, the defendant would have the last challenge; but we are not prepared to say that any substantial right is denied the defendant if the order in which the challenges are made is not in strict conformity to the law. Our statute is silent as to the manner or order in which peremptory challenges shall be made; and we have come to the conclusion that we shall follow the decisions of the courts holding that in the absence of statutory provisions the mode of challenges shall be left to the sound discretion of the trial court, and that unless there has been a manifest abuse of the discretion the action of the court will not be disturbed. In the case *State v. Pierce,* 8 Iowa 231, "The district attorney challenged a juror peremptorily, and then the defendant one. The panel of jurors being again full, the defendant's counsel insisted that the state should exercise a second peremptory challenge, if any more was to be made; but the court refused this, and required the defendant to challenge the second time, before the state again exercised the right, and ruled that upon the failure to do so the defendant would

waive the privilege as to one juror," it was held.that the rule adopted by the court was fair and equitable, the defendant having six peremptory challenges and the state only three.   This case is cited by Thompson and Merriam on Juries, as illustrative of their declaration that in the absence of a statute regulating the order of challenging, this matter seems to be relegated to the discretion of the court, page 291.

The same authors say, at page 292, "It is no abuse of discretion for the trial judge to compel either party, upon the full panel of twelve being presented to him, to strike off then, once and for all, every juror to whom he has objection, granting him only the opportunity of objecting to new jurors introduced to supply the places of those challenged off by himself or his adversary.   On the other hand, it is within the discretion of the court to allow members of the panel to be challenged off by a party after he has once passed them;" citing *Tatum v. Preston,* 53 Miss. 654; *Fountain v. West,* 23 Iowa 10.

The defendant here was accorded the privilege of challenging ten jurors.   After the defendant had exhausted nine challenges, he insisted that he had the right to wait until after the state had accepted the jury before making his tenth challenge; but we think the court did not err in this ruling.   Courts quite generally hold that the purpose of affording peremptory challenges is not to select jurors, but to enable defendants to reject jurors on his own dislike without showing any cause, and that he may exercise the right without showing any cause, without reason or for no reason, arbitrarily and capriciously.   And it was said by Mr. Justice Harlan, in *Pointer v. U. S.,* 151 U. S. 408, "Any system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned."   And the court held that the defend-

ant.had the right to a certain number of peremptory challenges, but was not entitled of right to have the government make its challenges first. . .

The court would undoubtedly have the privilege, upon showing of good cause, to authorize the defendant to peremptorily challenge a juror even after he had been accepted, but no showing was made in this case by the defendant.

The views herein expressed are sustained by the following cases: *Williams v. State,* 63 Ark. 527; *Turpin v. State,* 55 Md. 462; *State v. Hays,* 23 Mo. 287; *Power Company v. Eastman,* 20 Minn. 277; *State v. Ivey,* 41 Tex. 35; *Commonwealth v. Piper,* 120 Mass. 187; *State v. Potter,* 18 Conn. 165; *Schufflin v. State,* 20 Ohio St. 233; *State v. Pierce,* 8 Iowa 231; *State v. Shelledy,* 8 Iowa 481; *Vance v. Richardson,* 110 Cal. 414.

Nothing appearing in the record showing that the jury that tried the case was partial or unfair, the judgment must be affirmed. *Affirmed.*