HEAVY HAULERS, Inc., American Fidelity and Casualty Company, H. J. McKittrick and Lee C. Moore Corporation, Plaintiffs in Error,

v.

X. JONES, Defendant in Error.

No. 36593.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Rehearing Denied Nov. 20, 1956.

Application for Leave to File Second Petition for Rehearing Denied Dec. 11, 1956.

R. D. Hudson, Tulsa, for Heavy Haulers, Inc., H. J. McKittrick and American Fidelity & Casualty Co., plaintiffs in error.

Rhodes, Crowe, Hieronymus & Holloway, and Philip N. Landa, Tulsa, for Lee C. Moore Corp., plaintiff in error.

Wesley Whittlesey, Sapulpa, Truman B. Rucker, Bryan W. Tabor, Gurney G. Cox and Joseph A. Sharp, Tulsa, for defendant in error.

PER CURIAM.

This action arose from an accident involving the loaded truck of the defendant, Heavy Haulers, Inc., and the plaintiff's pick-up truck. The two vehicles were meeting on a curve just outside Preston, Oklahoma, when, because of the negligent manner in which the truck was loaded, some of the steel floor plate loaded on the truck broke its boom chains and fell across the road and into the plaintiff's vehicle. When he observed the falling steel the plaintiff turned his vehicle into the ditch and threw himself onto the floor of his truck in an effort to avoid the steel which appeared to be falling directly onto the cab of his vehicle. His pick-up was stopped by the embankment of the ditch, and he was injured by this collision. There is no dispute concerning the negligence of the defendants. The only propositions urged in the appeal are that the verdict is excessive and that the plaintiff's counsel made an improper argument to the jury.

After this appeal was perfected one of the defendants, Lee C. Moore Corporation, entered into a settlement with the plaintiff and they have filed a notice of such settlement and of this defendant's intention to abandon this appeal.

Was the verdict excessive? The plaintiff's testimony proved he was in good health, able-bodied, and earning from $7,200 to $8,400 a year as production superintendent of his father-in-law's oil leases prior to this injury. He was what he called a "working superintendent," meaning that he performed part of the manual labor in connection with the operation of the leases. His medical witnesses, general practitioners and orthopedic specialists, testified that he had a compressed fracture of the sixth cervical vertebrae, i. e., a broken neck; that he had suffered great pain and would continue to suffer pain; that he has fibrosis and a permanent stiffening and rigidity of his neck muscles from the irritation down the course of the nerves; that horizontal and upward movement of his head would be extremely limited; that he is permanently disabled from the performance of ordinary manual labor; and that his condition would not improve. After the accident plaintiff was required to stay in traction, immobile, for some forty days and thereafter was required to wear a brace to support his head for some time. A medical witness for the defendants contradicted some of the opinion of the plaintiff's witness concerning the extent and permanency of his injuries, but the overwhelming weight of the evidence is that the plaintiff is permanently and painfully disabled.

Upon regaining some of his strength plaintiff attempted to return to his work and did attempt to work for some period of time. His condition was such, however, that he was a dangerous fellow servant to his employees and he was not able to perform his duties properly. His doctors advised him to cease working. He is not now employed. At the time of his injury the plaintiff had a life expectancy of 23.81 years.

The verdict and judgment thereon were for $135,000. This is a large amount. Yet, the proof disclosed a loss of earnings and medical expenses up to the time of trial, only two years after the accident, in an amount of $15,750. Viewing the judgment as a recovery for diminution of earning power alone, it is well within the proof made by the plaintiff. Based on his life expectancy the judgment is in an amount per year substantially less than his income would have been had the accident not occurred, and this computation allows him nothing for the pain and suffering which should comprise a considerable part of the

judgment. Counsel seem to urge that size alone makes this judgment excessive. This is not so. A judgment is excessive only where it is apparent that it was rendered under the influence of bias, passion or prejudice without due deliberation and where it is not supported by the proof of detriment made in the case. The verdict in this case was well within the limits of detriment proved by the uncontroverted evidence. Therefore, we are unable to say that the amount of the judgment, large as it is, can be said to be excessive and to have been the result of bias, passion or prejudice so as to justify granting a new trial. Chicago, Rock Island & Pacific Railroad Co. v. Wright, Okl., 278 P.2d 830.

■ Finally, it is contended that the judgment should be reversed because of misconduct of the plaintiff's counsel in making an inflammatory appeal to the jury, intending to arouse bias, passion or prejudice against the defendants in the minds of the jurors. The arguments of counsel appear in the record. It was only after plaintiff's counsel concluded his opening argument that any objection was made to the remarks contained therein. In the argument, on one or more occasions counsel referred to the plaintiff as a "little man" in discussing the relative ability of the parties to secure testimony concerning the negligent manner in which the truck was loaded. On several occasions the defendants were referred to as "these corporations," but it should be noted that there was extensive interrogation of the prospective jurors by the defendants themselves as to the jurors' attitudes toward corporations. Counsel also made reference to plaintiff's family.

We have heretofore pointed out that during the course of a heated contest counsel sometime make argument not wholly necessary to a strictly legitimate discussion of the issues as the result of their natural zeal. The conduct of counsel is a matter to be left largely to the discretion of the trial judge, for he is present and can observe the proceedings and their argument. Furthermore, the jury in this case was instructed that they "should not let sympathy, sentiment or prejudice enter into your deliberations, but should discharge your duties as jurors impartially, conscientiously and faithfully under your oaths and return such a verdict as the evidence warrants * * *" and it is presumed that the jury followed the court's instructions in this regard. Here, the defendants make no effort to object to the alleged prejudicial remarks at the time they were spoken, nor asked the trial court to specifically instruct the jury to disregard them, but, rather they waited until the conclusion of the argument and moved a mistrial.

We have carefully examined the entire argument, and we are unable to say that the defendants did not have a fair trial, or that the alleged misconduct of counsel in his argument, while not strictly legitimate, was such as to compel a reversal of the judgment rendered. Hazelrigg Trucking Co. v. Duvall, Okl., 261 P.2d 204.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON and CARLILE, JJ., concur.

BLACKBIRD, J., concurring specially in result.

HALLEY and JACKSON, JJ., dissent.

BLACKBIRD, Justice (specially concurring in result).

I cannot concur in result without expressing my disapproval of the argument made by counsel for the plaintiff. It is my opinion that the argument was highly improper and an expression such as made therein should not be considered lightly by the courts.

However, under all the circumstances in this case, I do not think it can be said that the defendant was prejudiced. The trial court no doubt realized that the argument was improper and instructed the jury to the effect that they should not let sympathy, sentiment or prejudice enter into their deliberations and that they should discharge

their duties impartially, conscientiously and faithfully. I must presume that the jury was not influenced by counsel's objectionable argument and that they faithfully performed their duties.

HALLEY, Justice (dissenting).

I dissent in this case for the reason that counsel for the plaintiff made an improper argument to the jury when at least three times in words not exactly the same, he said that the two corporations did not give a damn whether they injured plaintiff. It was not made by an overzealous novice but by a capable lawyer with wide experience in the trial of negligence cases both for plaintiff and defendant.

It is true that counsel for defendant did not object at the time the prejudicial statements were made but he did object at the close of plaintiff's arguments, both opening and closing. One of the most objectionable statements came very close to the end of argument. Those who have tried jury cases know that it is quite dangerous to make an objection to a part of a closing argument because of the possible resentment on the part of the jury to such action. Especially is this so if the objection is not sustained, which appeared unlikely here by the abrupt manner in which the objection made was overruled. I consider the objections timely and adequate.

A trial judge should on his own motion strike improper statements and admonish counsel to make no further such remarks. This Court should not approve such conduct on the part of counsel.

It is unfortunate that the plaintiff should suffer because of conduct of counsel but such arguments will continue unless this Court plainly disapproves same. This is a case, however, that plaintiff would not be injured by delay because he has settled his judgment against one defendant for a substantial amount. A new judgment for a larger amount may be recovered if plaintiff's injuries are as serious as maintained.

The majority cites our opinion in Hazelrigg Trucking Co. v. Duvall, Okl., 261 P.2d 204. That case approves an argument which in my judgment was highly improper and I would do nothing "either by word or deed" that would indicate in any way that I thought such statements appropriate.

This case should go back for another trial. Liability is admitted. It is simply a question to determine the extent of plaintiff's injuries and what he should receive by way of damages for same in a trial fairly and impartially conducted, entirely free of inflammatory argument.