Richard A. BROWN, Plaintiff in Error,

v.

Terry Marcella MARKER, a minor, by her father and next friend, Marion R. Marker, Defendant in Error.

No. 40966.

Supreme Court of Oklahoma.

Nov. 2, 1965.

Rehearing Denied Jan. 25, 1966.

Burt Johnson, Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

Dick Bell, Frank Seay, Seminole, and Rinehart & Morrison, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The appellant here is one of the defendants against whom plaintiff obtained a joint and several judgment in the trial court. In this appeal we refer to him and the defendant in error as defendant and plaintiff, respectively, as they appeared below.

Defendant Brown's first proposition is that the trial court erred in depriving him of two peremptory challenges.

The record in this appeal discloses that the trial judge was disposed to allow separate challenges to defendants Sam E. Dee and Richard A. Brown because of their taking positions adversary to each other. There was no objection to such determination and it is not material here except in its connection with a narration of the facts.

The prospective jury was examined for cause by plaintiff and defendants Dee and Brown and there being no further challenges for cause the court advised the plaintiff that it was time for him to exercise his first peremptory challenge. Plaintiff excused one prospective juror and another such juror was called. After the new juror had been passed for cause by all parties the court advised defendant Dee that it was his time to exercise his peremptory challenge. He waived. The attorney for defendant Brown was advised that it was his turn to peremptorily challenge. He waived his "first" challenge. Plaintiff was notified that she might exercise her second challenge and she waived. The court ruled that under the circumstances (that satisfaction with the panel was indicated) the parties were not entitled to any further challenges. The right to challenge further was asserted by defendant Brown to no avail and counsel for such defendant dictated into the record the following:

"Comes now the defendant Brown, and for the purpose of the objection to the deprivation of the right of peremptory challenge to this defendant, that it was the understanding that there would be three peremptory challenges given defendant Brown, that we waived one of the three challenges in the voir dire; the other two were not waived. The defendant Brown feels that they have been deprived of two peremptory challenges by reason of their not being able to waive their second or third."

The record shows that after the jury was sworn and before the opening statements were heard defendant Brown moved for mistrial on the ground that he was denied his second and third peremptory challenges. It also shows that after the taking of the evidence was concluded and before the jury

was instructed defendant Brown renewed his motion in the following language:

"Comes now the Defendant Brown and moves again for a mistrial in this case on the grounds that this defendant was deprived of their peremptory challenges No. 2 and No. 3; that an opportunity was not afforded us for the challenges following the waiver of our first challenge; that the defendant fully intended to challenge a Mrs. Norma Cox who sits on the jury as the replacement of Juror Hughes who was excused by peremptory challenge by plaintiff; that the defendant holds records in his file on the information obtained on the entire jury panel prior to the trial; that this juror had been investigated several times in the Oklahoma City Police Department; further, that she has lost a child of her own some six years ago and feels that that juror would be detrimental to the interest of Defendant Brown; that there were several other jurors in the courtroom who had still not been called to the box, so no shortage of jurors existed."

It is said in 3 A.L.R. 2 page 500 that two divergent views exist regarding the right of a party to exercise a peremptory challenge of a juror after the jury has been accepted, namely, (1) that a juror may not be challenged peremptorily ·after he has been accepted by both sides and (2), that a juror, although accepted, may be challenged peremptorily until he or the jury is sworn to try the case. The decisions of the courts of the various states appear to be at variance on this question. No decision of this jurisdiction precisely in point has been found.

In support of the contention that the waiver of a peremptory challenge does not constitute an implication of acceptance of those jurors in the box at the time the waiver is exercised the defendant calls attention to State v. Brown (1962), 253 Iowa 658, 113 N.W.2d 286; Balfe v. People, 64 Colo. 28, 170 P. 189; Buckley v. Chad-

wick, Cal.App., 274 P.2d 673; Veach v. McDowell, 133 Ind.App. 628, 184 N.E.2d 149; and Vance v. Richardson, 110 Cal. 414, 42 P. 909.

Plaintiff cites Nicholson v. People, 31 Colo. 53, 71 P. 377, holding that the matter is within the discretion of the trial court, and quotes language from Lebrun v. Boston and M. R. R., 83 N.H. 293, 142 A. 128, to the effect that where the statute provides for alternate challenging and a party decides not to exercise his challenge his failure to do so may be regarded as evidence of his satisfaction with the jurors then drawn.

12 O.S.1961, § 573 provides:

"The plaintiff first, and afterwards the defendant, shall complete his challenges for cause. They may then, in turn, in the same order, have the right to challenge one juror each, until each shall have peremptorily challenged three jurors, but no more."

It is clear from the language of this section that the challenges must be exercised alternately. When a party is presented with an opportunity to challenge he must either exercise or waive.

In the case before us the attorney for defendant Brown attempted to limit his waiver to his first challenge. The record discloses no statement by the attorney for defendant Brown, nor the attorney for the defendant Dee to the effect that either defendant had accepted the jury. But the implication of acceptance was clearly the result of the waiver of defendants' respective first peremptory challenges followed by a waiver by plaintiff of her second peremptory challenge. This, in effect, is construing the words "defendant waives his first challenge" to mean "his first, second and third challenges" provided the plaintiff and the other defendant should thereafter waive their next peremptory challenges in turn. We think that in enacting 12 O.S.1961, § 573 the legislature intended to permit a party to challenge any juror who, to his mind, was not acceptable

to him without the necessity of asserting legally sufficient cause for his challenge. However, once that opportunity has been offered, and waived and the jury as seated is not changed by a subsequent challenge by opposing counsel, the statutory mandate has been followed. If a party decides not to exercise his right to challenge at the time his opportunity arises, his conduct evidences that none in the jury box is distasteful to him. When his opponent, acting on that implied acceptance of the jury, also waives the right to so challenge, the court is not obliged to allow the parties to spar for advantage but may justifiably conclude that the jury is acceptable to both sides. The right of peremptory challenge is not seen as intended to be a right to select but a right to reject.

During voir dire questioning of Mrs. Cox, the newly seated prospective juror stated that her child had been killed in an accident out of which tragedy a suit had been filed but she felt that fact would not prevent her serving as a juror in the instant case. She was not challenged, either for cause of peremptorily.

■ In his brief, defendant Brown now says he intended to challenge the juror Norma Cox. His failure to challenge for cause and his waiver of the first opportunity to challenge is hardly consistent with such expression of intention. We think the trial court did not err in ruling that the parties had accepted the jury.

Defendant's second proposition is that, over objection, the trial court permitted plaintiff to use testimony of defendant, Brown, contained in a deposition, to make out plaintiff's case in chief. Defendant submits that the statements read were not admissions of fault or declarations against interest and that since the witness was the adverse party, present in court, plaintiff probably couldn't have gotten the testimony from him as a witness in plaintiff's case in chief.

The record shows that in ruling that excerpts from the deposition might be read as a part of plaintiff's evidence in chief the trial court stated:

"You might let the record show the court is of the opinion that excerpts from the deposition of witnesses heretofore taken, which may be admissions against interest are admissible in evidence, * * *."

In substance the defendant's testimony read from the deposition was that Mr. Brown was in his truck on the driveway of the rural filling station with the engine of the truck running, before Mr. Brown looked to see if it was safe to enter the highway; that Mr. Brown drove onto the highway at a normal, slow rate of speed, without seeing approaching vehicle; that the distance of about 20 feet between his starting of the truck and his entering upon the highway lane was driven at about two miles per hour.

When testifying for defendant, Mr. Brown's testimony was that he entered onto the pavement of the highway at a speed of about twenty miles per hour after looking to see if other vehicles were coming and "couldn't see nobody and went out on the highway."

In Cowan v. Pearson, Okl., 354 P.2d 194, we said since the right to take deposition is a creature of statute, the right to take or use one is governed by statute. Therein, reference was to 12 O.S.1951, §§ 433, 447, and it was held that it was not error for the trial court to deny plaintiff's motion and request to read part of the defendant's deposition. By legislative enactment, however, in 1961, prior to the institution of the present case, said § 447 was amended to read as follows:

"When a deposition, or any part thereof, is offered to be read in evidence, it must appear to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured. Provided, however, if the witness be a party to the action and his or her deposition has been taken, any part or portion thereof

may be read in evidence, whether the witness be available in court or not, if such deposition is determined by the court to contain admissions against the interest of the witness as a party to said action then on trial. Provided further, as to a party or witness to the action whose deposition has been taken, the deposition or any part thereof may be read in evidence if such deposition or any part thereof is determined by the court to contradict or impeach the testimony of such party or witness testifying in such action."

As a later legislative expression than 12 O.S.1951, § 433, effect must be given 12 O.S.1961, § 447 over prior enactments of contrary import including § 433, as well as 12 O.S.1951, § 447.

Said § 447 (1961) is clear and needs no construction and because of said diction we see no necessity for a discussion of cases from other states. As applied to the action of the trial court in allowing the deposition of defendant Brown to be read in making out plaintiff's case in chief, we need but to ascertain whether the trial court determined that Mr. Brown's testimony in the deposition contained either admissions against Brown's interest as a party to the case or that any part of his testimony by deposition contradicted his testimony as a witness. The trial court determined that portions of the deposition should be received in evidence as admissions against defendant Brown's interest. In this connection we think the statement by the court of the court's opinion as to the admissibility of the proffered evidence by deposition and his ruling on the objection constitutes such determination by the court as is referred to by § 447 (1961). The deposition also tends to contradict defendant's testimony given later in the trial as to the rate of speed at which his truck entered the highway. It does not appear the trial court erred in making the above ruling, nor has it been demonstrated wherein defendant Brown's rights were prejudiced. A judgment will not be set aside or a new

trial granted by reason of a harmless error in a trial proceeding. Chase v. Watson, Okl., 294 P.2d 801.

Defendant's last proposition is that the jury verdict and judgment is excessive and reflects passion or prejudice on the part of the jury. It is pointed out in defendant's brief that plaintiff at time of trial was but five years of age and therefore had no earning capacity so her recovery was necessarily limited to compensation for pain and suffering and permanent injury; that her petition prayed for but $25,000 for pain and suffering which is said to be excessive under the circumstances and that her injuries were probably not so permanent as to justify recovery of the remaining part of the $50,000 verdict.

In its briefs defendant alludes to the death of the plaintiff's mother, as well as injuries to plaintiff resulting from the collision. Revelation of such fact appears to have been scrupulously avoided in the trial. We have searched the record for some indication as to whether this extraneous matter entered into the trial proceedings and have found none. Defendant has not pointed to any specific incident occurring during the trial whereby it can be said that passion or sympathy entered into the jury's consideration so as to result in prejudice. That the collision in which plaintiff was injured also resulted in death to plaintiff's mother ought not, of itself, operate to restrict the amount recoverable by plaintiff, absent sympathy, passion or prejudice arising from non-germane fact.

Plaintiff's evidence showed the existence of pain and suffering and permanent injury. Defendant's evidence tended to minimize pain and suffering and permanency of injuries. Considering all of these matters, it appears from the record that plaintiff was in the hospital for about two weeks and in a body cast from Nov. 26, 1962, until Jan. 7, 1963, and remained in bed some two weeks longer after the cast was removed; that she received lacerations to her head with a residual scar on her forehead. A physician witness for

plaintiff testified that the scar could be made less noticeable by plastic surgery. A physician who testified for defendant said the scar wasn't bad enough to justify plastic surgery. As to the injury to her legs, plaintiff's doctor testified that the collision and remedial surgery resulted in one leg being almost an inch shorter than the other and it may in the future be necessary to surgically insert metal staples in the bone of the longer leg to deter growth so the shorter leg can catch up in growth; that the plaintiff swings her leg to the side as she walks because of abnormal rotation caused by the break in the shin bone and no break in the smaller bone and unless such condition is remedied naturally as the child grows it may be necessary to break the bone in her leg which was not broken in the collision. The medical evidence conflicted as to whether she might outgrow the tendency to swing the leg to the side when she walks or the walking with her toes turned in.

The jury heard all of such testimony, had an opportunity to observe the witnesses while they testified and to observe plaintiff's facial scarring and her difficulty in walking. The trial court rendered judgment based on the jury verdict and overruled defendant's motion for new trial. The verdict and judgment thereon were for $50,000. Counsel seem to urge that size alone makes the judgment excessive. Whether the size of a verdict is minimal or excessive may depend upon the perspective from which it is viewed. A judgment is excessive only where it is apparent that it was rendered under the influence of bias, passion or prejudice without due deliberation and where it is not supported by the proof of detriment made in the case. Heavy Haulers, Inc. v. Jones, Okl., 304 P. 2d 292. We are unable to say that the verdict may be said to be excessive and not supported by the evidence in this case, or to have been the result of bias, passion or prejudice, so as to justify granting a new trial.

Affirmed.