MAJORITY VOTE — FIREMEN'S RELIEF AND PENSION FUND Title 11 O.S. 363 [11-363] (1971), which requires a vote of a majority of all the members of the Board of Trustees prior to the disbursement of any monies belonging to the Firemen's Relief and Pension Fund of the fire department of incorporated cities and towns within the State requires only an affirmative vote o a majority of the regular voting members of the Board of Trustees of such Fund, as prescribed by 11 O.S. 362 [11-362] (1974). The Attorney General has considered your opinion request, wherein you ask, in effect, the following question: Does 11 O.S. 363 [11-363] (1971), require a majority vote of the totality of members of the Board of Trustees of the Firemen's Relief and Pension Fund of the fire department of each incorporated city or town in the State for the disbursement of money from the Fund, or a majority of the regular voting members of such Board, as authorized by 11 O.S. 362 [11-362] (1974)? Title 11 O.S. 361 [11-361] (1974), amended in the second regular session of the Thirty-Fourth (34th) Oklahoma Legislature makes provision for a Board of Trustees for the Firemen's Relief and Pension Fund of the fire department of each incorporated city or town, as follows: "The mayor or the president of the board of trustees, the clerk and the treasurer of every incorporated city or town in the State of Oklahoma are, in addition to the duties now required of them, hereby created and constituted, together with three (3) members from the fire department of such city or town, a board of trustees of 'The Firemen's Relief and Pension Fund' of the fire department of each such incorporated city or town, and shall provide for the disbursement of such relief and pension fund, and shall designate the beneficiaries thereof, as hereinafter directed, which board shall be known as 'The Board of Trustees of the Firemen's Relief and Pension Fund,' and upon the taking effect of this act, the fire department of each such incorporated city or town shall elect, by ballot, three (3) members of such fire department, one of whom shall serve for the term of one (1) year, and one for the term of two (2) years, and one for the term of three (3) years, and thereafter such fire department shall, every year, elect by ballot one of its members to serve for the term of three (3) years upon said board of trustees; provided, Sections 361 through 380 of this title shall not apply to any city or town where no regularly organized fire department is maintained, nor to any city or town where the fire department has firefighting apparatus of less than One Thousand Dollars ($1,000.00) value." Title 11 O.S. 362 [11-362] (1974), also enacted in the second regular session of the Thirty-Fourth (34th) Legislature, provides in part: "The mayor or the president of the board of trustees, as the case may be, shall be an ex officio member and chairman of the board of trustees, the city or town clerk shall be ex officio secretary, and the city or town treasurer shall be ex officio treasurer of said board. The mayor shall have a casting vote with the members only when necessary to avoid a tie vote among them. . . ." (Emphasis added) It is apparent from a plain reading of Section 361 that the Board is composed of six members. It is equally apparent from a plain reading of Section 362, however, that only five of the six members are regular voting members, the mayor having a vote only in tie vote situations. Title 11 O.S. 363 [11-363] (1971), specifically prescribes the manner in which money of the Fund may be disbursed, wherein it is provided: " . . . A majority of all the members of said board herein provided for shall constitute a quorum and shall have power to transact business; provided, however, no money belonging to said fund shall ever be disbursed for any purpose without a vote of a majority of all the members of the board of trustees, which shall be taken by the yeas and nays and the vote of each member so voting entered upon the proceedings of the board." (Emphasis added) Section 11 O.S. 362 [11-362], as amended, being a later legislative enactment and the latest expression of legislative intent on the subject of voting is controlling over Section 11 O.S. 363 [11-363] to the extent provisions of each may be in conflict. Most recent legislative expressions must be given effect over prior enactments of contrary import. Brown v. Marker, Okl., 410 P.2d 61 (1966). The two statutes are conflicting in that, with the enactment of Section 362, it became impossible to comply with the letter of Section 363 for the reason that while the mayor remains a member of the Board of Trustees, he has no vote except in the event of a tie vote among the regular voting members. The Legislature, in removing the mayor as a regular voting member of the Board, must have intended the provision of Section 363 requiring a vote "of a majority of all the members of the board of trustees" prior to the disbursement of money from the Fund to necessarily require only that all regular voting members be present and cast a vote upon any question involving disbursement of funds. It would, therefore, follow that an affirmative vote of a majority of the regular voting members only is required for the disbursement of funds. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 11 O.S. 363 [11-363] (1971), which requires a vote of a majority of all the members of the Board of Trustees prior to the disbursement of any monies belonging to the Firemen's Relief and Pension Fund of the fire department of incorporated cities and towns within the State requires only an affirmative vote of a majority of the regular voting members of the Board of Trustees of such Fund, as prescribed by 11 O.S. 362 [11-362] (1974). (William Don Kiser)