[Argued November 26, 1894; decided January 28, 1895.]

## STATE v. McCAFFREY.

[S. C. 38 Pac. 932.]

CRIMINAL LAW—VERITY OF RECORD ON APPEAL.—The transcript as filed in
the appellate court is conclusively presumed to be correct, and if there are
any errors or omissions, they must be corrected by some proper proceed-
ing before the case is heard;—thus, where the record shows that the de-
fendant was arraigned on one indictment, but was convicted on another
indictment returned by the grand jury on the same day, while the only
indictment appearing in the record is different from either of the other
two, the court will not presume or conclude that such defects were clerical
errors, but will rely implicitly on the certified record, and reverse the case
for lack of any record of the proceedings.

APPEAL from Multnomah: THOS. A. STEPHENS, Judge.

J. Carroll McCaffrey was convicted of uttering and
publishing a check bearing a forged indorsement, and
sentenced to two years in the state penitentiary.

REVERSED.

For appellant there was a brief signed by *Messrs.
Whalley, Strahan & Pipes*, and an oral argument by *Mr.
Martin L. Pipes*.

For the state there was a brief and oral argument by
*Messrs. Geo. E. Chamberlain*, attorney-general, and *Wilson
T. Hume*, district attorney.

Opinion by MR. CHIEF JUSTICE BEAN.

The judgment from which this appeal was taken shows
that it was rendered upon a conviction had on an indict-
ment returned by the grand jury on the twelfth day of
February, eighteen hundred and ninety-four, charging

the defendant with the crime of forgery committed on the fifth day of June, eighteen hundred and ninety-three; but there is no such indictment in the record, nor does the transcript show either an arraignment, plea, trial, or conviction on an indictment so described. The only indictment contained in the transcript shows that it was returned by the grand jury and filed with the clerk of the circuit court on the tenth day of February, eighteen hundred and ninety-four, and charged the defendant with uttering as true and genuine, on June fifth, eighteen hundred and ninety-three, a certain check having a forged indorsement thereon; and the entry of arraignment shows it to have been on an indictment returned February twelfth, eighteen hundred and ninety-four, charging the crime of forgery to have been committed on the fifteenth day of June, eighteen hundred and ninety-three. The other journal entries are silent both as to the indictment upon which the proceedings were had and the crime with which the defendant was charged. It thus appears that there is no record before us by which the judgment can be supported. It was suggested at the argument that such defects in the record were mere clerical errors or mistakes of the clerk, but for the purposes of this appeal the record as sent up here imports absolute verity. To the proceeds of the court below as shown by the transcript of the cause must we look to determine whether that court erred. If there is a mistake in the record it should have been corrected in the court below: *State* v. *Gilbert* (decided in this court in eighteen hundred and eighty-three, but not reported). In the case referred to there were two indictments in the transcript, and the record did not show upon which, if only upon one, the trial or conviction was had, and for that reason it was reversed. In this case the record would seem to indicate that there were three indictments against the defendant, but it does not disclose a

complete trial and conviction upon either of them. The arraignment and judgment appear to be based upon two different indictments for forgery, both returned by the grand jury on the twelfth day of February, eighteen hundred and ninety-four, one charging the crime to have been committed on June fifth, eighteen hundred and ninety-three, and the other on the fifteenth day of the same month, and neither appear to have been based on the indictment in the transcript, which is for uttering as true, and genuine a forged instrument; nor is there anything in the entry of the arraignment, trial, or judgment by which the ambiguity or conflict in the record can be explained or reconciled. The record before us fails to show that the defendant was ever arraigned, tried, or convicted of the crime charged in the indictment appearing in the transcript, nor does it show the indictment or proceedings of a trial upon which the judgment could be based. If the record of the arraignment and judgment did not identify the particular indictments referred to therein, we could perhaps assume that they were had on the indictment in the transcript, but not so when the record shows affirmatively to the contrary. We therefore have no alternative. but to reverse the judgment, and it is so ordered.

REVERSED.