Decided 11 June, 1900.

## LEW *v.* LUCAS.

[ 61 Pac. 344.]

APPEAL—VERITY OF RECORD.

1. On appeal it will be conclusively presumed that the transcript correctly states what actually occurred.*

CONTINUANCE—DISCRETION—ABSENT WITNESS.

2. The appellate court will not reverse a case for the refusal of the trial court to grant a continuance at the trial to secure the attendance of an absent witness, where the opposite party admitted that the witness would, if present, testify as claimed, and that such testimony should be considered as actually given, both because that matter rests in the discretion of the court and because the statute gives the opposite party the right to insist on a trial under such circumstances.

SUFFICIENCY OF VERDICT—JUDGMENT.

3. Where defendant admitted part of the debt claimed by plaintiff a verdict for defendant is properly construed to be a finding for defendant as to all the plaintiff's claim except the amount conceded. In such a case the verdict may be considered as if amended to conform to the evident intention of the jury, and judgment given accordingly: *Jacobs* v. *Oren*, 30 Or. 593, distinguished.

From Grant : MORTON D. CLIFFORD, Judge.

This is a case brought in a justice's court by Lew & Sprague against N. A. Lucas to recover $52.25 for goods, wares, and merchandise alleged to have been sold and

*NOTE.—On this point see, also, *State* v. *McCaffrey*, 26 Or. 570.—REPORTER.

delivered to the defendant by the plaintiffs between the thirtieth of August and third of September, 1898, no part of which has been paid. The answer denies the allegations of the complaint, except as thereinafter admitted, and, for a further and separate defense, avers, in substance, that in August, 1898, the defendant ordered from the plaintiffs goods, wares, and merchandise of the value and amount of $52.25, upon the express condition that they were to be delivered at the house of defendant, in Canyon City, on or before the first day of October; that plaintiffs have failed, neglected, and refused to deliver the goods according to the contract, and failed, neglected, and refused to deliver the same to defendant at any time or place; and that defendant has not received any part of such goods, except to the value of $11.75, which amount he tendered to the plaintiffs prior to the commencement of the action, and deposits in court for the plaintiffs with his answer. The reply puts in issue the material allegations of the answer, except the alleged tender and deposit in court. The plaintiffs had judgment in the justice's court for the amount demanded in their complaint, and defendant appealed to the circuit court; filing his transcript on the twentieth day of November, the first day of the next succeeding term thereof. Thereafter such cause was postponed from day to day until the twenty-fifth of November, when it was called for trial, whereupon counsel for plaintiffs filed a motion for a continuance on account of the absence of his client and of a witness, supported by his affidavit, in which he stated the evidence which he expected to obtain. The defendant admits that the witnesses would so testify. The motion for continuance was overruled, and the cause proceeded for trial, resulting in a verdict, which, omitting the formal parts, is as follows : ''We, the jury in the above-entitled cause, find our verdict

for the defendant." On the same day, counsel for plaintiffs filed a motion to set aside the verdict, and for a new trial, on the ground of "insufficiency of the evidence to justify the verdict, and that it is against the law." Before this motion was disposed of, the defendant filed an offer to allow plaintiffs judgment for $11.75, the amount admitted in his answer to be due, or, in lieu of such judgment, to permit them to take and withdraw such sum from the hands of the clerk. Thereafter, and on November 28, the cause coming on to be heard upon the motion of plaintiffs to set aside the verdict, and of defendant tendering plaintiffs a judgment for $11.75, the amount admitted by the answer to be due them, the motion to set aside the verdict was overruled and denied, and a judgment entered in favor of the plaintiffs for $11.75, and in favor of the defendant for costs and disbursements. From this judgment the plaintiffs appeal to this court, assigning as error (1) the ruling of the trial court in denying their motion for a continuance ; (2) in receiving and filing the verdict returned by the jury, and in not setting it aside on its own motion ; (3) in trying the cause without the jurors having been sworn before being examined as to their qualification to sit as jurors, and without being sworn to try the cause ; and (4) in overruling the plaintiffs' motion to set aside the verdict, and entering judgment in favor of the plaintiffs for $11.75, and in favor of the defendant for costs and disbursements.      Affirmed.

For appellants there was a brief and an oral argument by *Mr. W. F. Butcher.*

For respondent there was a brief over the name of *Stillman, Leedy & Pierce*, with an oral argument by *Mr. A. D. Stillman.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.  It is claimed that at the time the appeal was taken the record of the court below did not show any disposition of the motion for a continuance, or that the jury impaneled to try the cause, and before which it was tried, was sworn as by law required.  But the transcript, as filed, shows that the motion for a continuance was denied because the defendant admitted the testimony set out in the affidavit, and that the jury was properly sworn ;  and this is conclusive upon these questions.

2.  An application for a continuance is addressed to the sound discretion of the trial court, and its action thereon will not be reviewed, except for a clear abuse of discretion :  *State* v. *Ficster,* 32 Or. 254, 267 (50 Pac. 561).  And, besides, the statute provides that "the court may require the moving party to state upon affidavit the evidence which he expects to obtain, and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed :''  Hill's Ann. Laws, § 179.  So that, for either of these reasons, there was no error in denying the application for a continuance.

3.  In view of the record, the only remaining question is whether the verdict as returned by the jury is sufficient to support the judgment.  The general rule is that a verdict must comprehend the whole issue submitted to the jury, or a judgment entered thereon will be reversed :  *Wood* v. *Maguire,* 17 Ga. 361 (63 Am. Dec. 246).  But it is not necessary that it should be expressed in any particular language.  It is sufficient, however informal it may be, when it covers the whole issue, and shows what the finding of the jury really is upon the issue presented

to it.   A verdict should be construed liberally, and not under the technical rules of construction which are applicable to pleadings ; and, if the meaning of the jury can be ascertained and the point in issue can be concluded from its verdict, the court will, however informally it may be expressed, mold it into form, and make it serve :  28 Am. & Eng. Enc. Law (1 ed.), 370 ; 2 Thompson, Trials, § 2642 ;  2 Elliott, Gen. Prac. § 947 ;  20 Cent. Law J. (f) 147 ;  33 Cent. Law J. 358 ;  *Middleton* v. *Quigley*, 12 N. J. Law, 352 ;  *Cohn* v. *Scheuer*, 115 Pa. St. 178 (8 Atl. 421) ;  *Humphreys* v. *Borough of Woodstown*, 48 N. J. Law, 588 (7 Atl. 301);  *Phillips* v. *Kent*, 23 N. J. Law, 155. Applying these rules to the case at bar, we are of the opinion that the verdict is sufficient.   It necessarily settles and determines the only contested issue between the parties, and there is no difficulty in ascertaining what the jury intended.   The only point in dispute was whether the defendant was indebted to the plaintiffs for goods, wares, and merchandise sold, in excess of the $11.75 admitted by the answer, and which had been tendered to the plaintiffs prior to the commencement of the action. To this issue the evidence was directed, and it is covered and concluded by the finding of the jury in favor of the defendant ;   and we think the court was fully justified in proceeding as if the verdict had been amended to conform to the manifest intention of the jury, and in entering judgment accordingly.   In *Jacobs* v. *Oren*, 30 Or. 593 (48 Pac. 431), which is relied upon by the plaintiffs, and which in many of its features is similar to the case now in hand, the question decided is that it was not error for the court upon its own motion to set aside a verdict of a jury and grant a new trial, when it had found contrary to the admissions in the answer.  But in this case the court did not set aside the verdict, but treated it as amended to conform to the evident intention of the jury, and hence the case

cited is not in point.   It follows from these views that the judgment of the court below must be affirmed, and it is so ordered.                                    AFFIRMED.