Argued 28 March, decided 14 May, 1907.

## OLLSCHLAGER'S ESTATE.

89 Pac. 1049.

APPEAL—PRESUMPTION OF VERITY OF RECORD.*

1. The record on appeal must be regarded as giving a true statement of the occurrences in the case, and *ex parte* certificates or affidavits cannot be considered against the transcript.

ADMINISTRATORS—FINAL ACCOUNT—RIGHTS OF OBJECTORS.

2. Where persons claiming to be heirs file objections to an administrator's final account, they are entitled to have them disposed of in a proper and orderly way, and not summarily dismissed on the unsupported assumption that they are not heirs.

RECORD OF ANOTHER CASE AS EVIDENCE—JUDICIAL NOTICE.

3. Courts do not take judicial notice of the records of other cases before them, therefore the papers in other proceedings must be offered in evidence to be available in a given case.

*NOTE.—See also *State* v. *McCaffrey*, 26 Or. 57, and *State* v. *Walton*, 50 Or. —
REPORTER.

Where objections have been filed to an administrator's final account, the record in a previous guardianship proceeding in the same court cannot be considered in determining whether the objectors are heirs, unless it is received in evidence after being properly offered.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

On March 26, 1904, Theodore M. Barr was appointed administrator of the estate of Henry Ollschlager, deceased, by the county court of Marion County on the petition of Mary Ollschlager, who alleged that she was the widow and only heir at law. On December 9, 1904, Barr filed his final account as such administrator, showing on hand for distribution about $18,000, and praying for an order approving his account, and directing the distribution of the property to Mrs. Ollschlager. An order was made fixing January 14, 1905, as the time for hearing objections to such account and requiring that notice thereof be given, as provided by law. On January 13, 1905, J. M. Widmer and others, who allege that they are heirs at law of Ollschlager and entitled as such to one-half of his estate, filed objections to the allowance of certain items in the final account and to the proposed order of distribution. On January 24th the administrator moved for an order striking from the files the objections of the Widmers for the reason that they are not heirs at law of the deceased or entitled to any part of his estate, and that Mrs. Ollschlager is the sole heir and only person entitled to such estate. No further proceedings were had until March 8th, when the matter came on to be heard on the final account, the objections filed thereto by the Widmers and their application to file amended objections, in which other parties claiming to be heirs joined; whereupon the Widmers moved for a continuance to obtain testimony in support of their claim, but the court found "from the records and files in this case" that they were not the heirs at law of the deceased and had no interest in the estate, that Mrs. Ollschlager was the sole heir and only person interested therein, and thereupon overruled their motion for leave to file amended objections and for a continuance, approved the final account as filed, and

directed a distribution of the estate to Mrs. Ollschlager. From the decree the Widmers appealed to the circuit court.

The transcript on such appeal contains no testimony, and in the certificate of the clerk thereto it is stated that "no testimony, deposition, or other papers are on file in my office in said cause or containing any evidence to my knowledge heard or offered upon the hearing of the final account and the objection thereto in the matter of the estate of Henry Ollschlager, deceased." The cause was argued and submitted in the circuit court on May 9, 1905, on the transcript as certified to by the county clerk. While the cause was under advisement and pending a decision, the county judge, without permission of the court and without notice or knowledge to any of the parties in litigation, so far as this record discloses, filed with the county clerk a certificate signed by himself, stating that when the matter of the final account in the Ollschlager estate came on for hearing the administrator objected to the appearance of the objectors on the ground that they were not heirs at law of the deceased or otherwise interested in the estate, and the objectors offered no evidence in support of their claim, while the administrator offered in evidence and the court considered the records and files in this proceeding and in a former proceeding in the county court in the matter of the guardianship of the deceased, to which the objectors were parties and in which it was decided that they were not the heirs of Ollschlager, but that Mrs. Ollschlager was such heir, and that at the time of such decision the court had before it competent evidence satisfactory to it that Mrs. Ollschlager was the sole and only heir of the deceased. On the next day the circuit court dismissed the appeal and entered judgment against the appellants for costs and disbursements on the ground that the county court decided from evidence before it that the objectors were not heirs at law of the deceased, and, since such evidence did not accompany the transcript, the findings of the court could not be reviewed on appeal. From this decree the objectors appeal to this court.                    REVERSED.

For appellants there was a brief with oral arguments by *Mr. Martin Luther Pipes* and *Mr. Carey Fuller Martin.*

For respondent there was a brief with oral arguments by *Mr. Peter H. D'Arcy* and *Mr. George Greenwood Bingham.* .

Opinion by MR. CHIEF JUSTICE BEAN.

1. The decree appealed from must be reversed. The copy of the entry of the county court disposing of the objections filed to the final account of the administrator, as contained in the transcript, shows that the decision was made "from the records and files in this case," and the certificate of the clerk to such transcript states affirmatively that no testimony, deposition or other papers were on file in his office containing any evidence heard or offered on such hearing. It thus clearly appears from such transcript that the case was decided by the county court without the taking of testimony, and this record cannot be contradicted or enlarged by an *ex parte* certificate of the county judge filed in the circuit court after the cause had been argued and submitted: *Lew* v. *Lucas,* 37 Or. 208 (61 Pac. 344) ; *State* v. *McCaffrey,* 26 Or. 570 (38 Pac. 932). If the records of the county court did not truly state the facts there was an appropriate and proper method of correcting it, but it could not be done in the manner attempted.

2. The statute gives an heir the right to object to the final account of the administrator (B. & C. Comp. § 1203), and requires the court to hear any such objections and to allow or disallow the final account in whole or in part, as may be just and right: B. & C. Comp. § 1204. When, therefore, the Widmers, averring that they were heirs, filed objections to the final account, they were entitled to have such objections disposed of in an orderly and legal manner and not summarily dismissed on motion of the administrator on the mere assumption without proof that they were not in fact heirs of the deceased. The issue tendered by them was one of fact and should have been so considered and determined upon evidence regularly offered and submitted.

3. It was suggested that the conclusion of the county court was based upon the records and files in a previous guardianship proceeding in the same court to which the Widmers were parties.  But the record in the guardianship proceeding, if there is such a record, could not have properly been considered until offered and admitted in evidence, thus giving the objectors an opportunity to make and save any question they might deem advisable as to its competency.  The record of each particular case must be complete within itself and exhibit the ground upon which the final decision is based (*Simon* v. *Durham,* 10 Or. 52), and courts will not take judicial notice of former proceedings before them or the contents of their own record in other cases: 17 Am. & Eng. Enc. Law (2 ed.), 926. A judgment or decree must be based upon the record and evidence in the case and not upon some other record not in evidence nor upon knowledge acquired by the judge in some other proceeding.

For these reasons the decree of the court below must be reversed and the cause remanded to that court with directions to return it to the county court for such further proceedings as may be proper not inconsistent with this opinion.

REVERSED.