JAMES GROGAN, Respondent, *v.* JAMES J. DOOLEY et al., Appellants.

**Master and servant — negligence — evidence — erroneous admission of evidence of offer of master to pay wages and physician's bill of injured servant as admission of liability.**

In an action by a servant to recover for personal injuries claimed to have been caused by the negligence of his employers, it is error to receive evidence, as an admission of liability, that the defendants offered to pay plaintiff's wages while he was disabled and the bill of his physician, where such offer was not made in response to any demand for compensation, but was a voluntary act of benevolence. (*Brice* v. *Bauer*, 108 N. Y. 428, distinguished.)

*Grogan* v. *Dooley*, 151 App. Div. 910, reversed.

(Argued March 18, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 9, 1912, affirming a judgment of the Albany County Court in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Michael D. Reilly* and *William E. Fitzsimmons* for appellants. It was reversible error to permit the plaintiff to show that one of the defendants had agreed to reimburse the plaintiff for his wages and doctor's bills. (*Ten-*

*nant* v. *Dudley,* 144 N. Y. 504; *Smith* v. *Bailey,* 14 App. Div. 283; *Slingerland* v. *Norton,* 58 Hun, 578; *O'Brien* v. *N. Y. City R. Co.,* 55 Misc. Rep. 228; *Schiavone* v. *Callahan,* 52 Misc. Rep. 654; *Roome* v. *Robinson,* 99 App. Div. 143; *Sweet* v. *Henry,* 175 N. Y. 268.)

*Isaiah Fellows* and *Walter H. Wertime* for respondent.

CARDOZO, J. The action is for personal injuries. The plaintiff was allowed to prove that the defendants offered to pay his wages while he was disabled, and also the bill of his physician. The evidence was received as involving an admission of liability. We think it had no such significance. The defendants' offer was not made in response to any demand for compensation. It was not made in circumstances from which it might take form and color as a confession of fault. It was a voluntary act of mere benevolence. Nothing in the evidence permits it to be interpreted as anything else. We agree with the judgment of the Supreme Court of Vermont in *Sias* v. *Consolidated Lighting Co.* (73 Vt. 35). In that case the plaintiff was permitted to testify that the defendant furnished him a nurse. The testimony was offered as *i*ending to show a recognition of liability, and the defendant objected to it as having no such tendency. On appeal the court held that there was nothing in the case which tended to characterize the act as a recognition that the defendant was at fault, and hence that the testimony had been erroneously admitted. The language of MUNSON, J., speaking for the court, is applicable here: "It is doubtless true that such evidence might be offered in a connection that would give it the effect claimed, but we think the mere fact that an employer furnishes a physician or nurse for one who meets with a disabling accident in his service ought not to be received as evidence tending to establish his liability. It must be the impulse of every humane employer to provide this assistance for

a disabled workman without means, and the rule of evidence ought to be such as to permit his doing it without danger to himself. Such an act should be treated as a humane recognition of an existing necessity, and not as an admission of the justice of a claim not then asserted." We think that this case states with accuracy the conditions under which testimony that an employer has offered to pay his employee's bills for medical services is or is not admissible. It accords with the view indicated by VAN BRUNT, P. J., in *Smith* v. *Bailey* (14 App. Div. 283). (See also: *Corcoran* v. *Village of Peekskill*, 108 N. Y. 151, 155; 1 Wigmore on Ev. sec. 283 ) Nothing to the contrary was held in *Brice* v. *Bauer* (108 N. Y. 428). The defendant's promise in that case was made in response to a demand, and imported a concession of liability. It was not an attempt to compromise a dispute (*Brice* v. *Bauer, supra,* at p. 433; *Tennant* v. *Dudley,* 144 N. Y. 504), but a tacit avowal of fault. In the case at hand, the defendants made a spontaneous offer of assistance, and are now told that in doing so they made evidence against themselves. The law would be doing wrong to employers and scant service to employees if it throttled the impulses of benevolence by distorting humane conduct into a confession of wrongdoing.

The ruling of the trial judge must, therefore, be held to be erroneous. Even if such an error might sometimes be disregarded, we cannot disregard it here where the case on the merits was a close one, and where the plaintiff returned repeatedly to the objectionable evidence and magnified its importance.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.