[Civ. No. 3309. Second Appellate District, Division One.—May 22, 1920.]

AMELIA GLOS, Appellant, v. J. A. McBRIDE, Respondent.

[1] LEASES—IMMORAL CONSIDERATION—LOCUS PENITENTIAE ACCORDED LESSOR—RELIEF.—While the law will afford a woman, the owner of land in fee and in possession, no redress for the use of such land by a man under a lease, the consideration for which was in part that they (though not husband and wife) should live together thereon and should cohabit as man and wife, it will, as to the unexpired portion of the term of such lease, upon a showing

by her of repentance, abandonment, and discontinuance of the shameful relation, grant her redress by quieting her title to the land as against such lease.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

B. F. Thomas for Appellant.

Benjamin P. Oakford for Respondent.

SHAW, J.—Action to quiet title. In addition to an allegation that plaintiff is owner of the land in fee simple and in possession thereof, it is alleged in the complaint that defendant, basing his right thereto upon a lease thereof made by plaintiff to defendant, the consideration of which "was in part that said plaintiff and said defendant (though not husband and wife) should live together on said parcel of land and should cohabit as man and wife," unjustly and without right claims an interest in the land adverse to plaintiff; followed by the usual prayer for relief. To this complaint the court sustained a general demurrer without leave to amend, and gave judgment for defendant, from which plaintiff appeals.

The ground of this ruling, as stated by the trial court, is that section 1608 of the Civil Code provides that "if any part of a single consideration for one or more objects, or of several considerations for a single object, is unlawful, the entire contract is void"; and that, since it appeared from the complaint that a part of the consideration for the lease was unlawful, its existence did not cast a cloud upon plaintiff's title. Conceding that no cloud is cast upon a plaintiff's title to land by an instrument which on its face discloses that it is void, we cannot in this case, since the lease is not exhibited by the record, assume the existence of such fact. On the contrary, upon the allegations of the complaint, the presumption is that on its face nothing appears affecting the validity of the instrument. It is the extrinsic facts alleged which render the lease void.

.The chief ground upon which counsel for respondent insists upon the correctness of the ruling is that, as shown by

the complaint, the contract had for its object the creation and continuance during the term of the lease of an illicit relation between plaintiff and defendant, thus exhibiting her own turpitude, which constituted the consideration for the transfer of the leasehold. In other words, the complaint presents a case where the doors of the court are, as to both parties to the contract, closed; it will neither aid the one in the enforcement of the contract nor give aid to the other in avoiding it. (*Abbe* v. *Marr,* 14 Cal. 210; *Schmitt* v. *Gibson,* 12 Cal. App. 407, [107 Pac. 571].) While, as to executed contracts of such nature, this is a rule of almost universal application, it is equally true that as to like contracts, which are unexecuted, the law recognizes what is termed a *locus penitentiae* accorded to a plaintiff, which, as applied to the facts here presented, is an opportunity to repudiate the agreement and refuse to be a party to the acts contemplated thereby. (Bouvier's Law Dictionary.) Thus, it is generally held that a party to a wager, where the money is deposited with a stakeholder, may at any time before the event is determined repudiate the wager and demand the return of his money. (*Falkenburg* v. *Allen,* 18 Okl. 210, [10 L. R. A. (N. S.) 494, 90 Pac. 415]; *Johnston* v. *Russell,* 37 Cal. 670; *Gridley* v. *Dorn,* 57 Cal. 79, [40 Am. Rep. 110]; *Wright* v. *Stewart,* 130 Fed. 905.)

[1] Plaintiff, no doubt, intended to enter into the immoral relation and continue therein for the duration of the term of the lease, but persons may not be punished, either criminally or civilly, for wrongful intentions. It is the consummation of such intentions that subjects them to the effects of the law. As to whether plaintiff and defendant lived together or cohabited as man and wife in accordance with the agreement made is not disclosed by the complaint, and since the doing so would be *contra bonos mores,* we cannot, in the absence of allegation to that effect, assume they did. Indeed, the presumption is to the contrary. Conceding, however, that she did enter upon the life with defendant, as contemplated in the agreement, we do not think it can be said her day of repentance was past. The contract contemplated a continuing immoral relation, which, in our opinion, even though entered upon, plaintiff in the *locus penitentiae* accorded to her, might at any time repudiate and discontinue; and while the law would afford her no

relief for the use of the leasehold estate covering the expired portion thereof, it should, as to the unexpired term thereof, and upon a showing of repentance, abandonment, and discontinuance of the shameful relation, grant her redress. In our opinion, the court erred in sustaining the demurrer.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent, and Olney, J., who did not vote.