[Civ. No. 5115. First Appellate District, Division One.—May 8,
1925.]

## CECELIA RODETSKY, Appellant, v. T. A. NERNEY, Respondent.

[1] BREACH OF PROMISE TO MARRY—SEDUCTION—ACTION FOR DAMAGES
—ISSUES—CHARACTER OF DEFENDANT—EVIDENCE.—In an action for
damages for breach of promise to marry, the allegation of seduc-
tion in aggravation of the damages does not put in issue the char-
acter of the defendant, and evidence that his reputation for chas-
tity and morality is good is not admissible.

[2] ID.—WEIGHT OF TESTIMONY—APPEAL—MISCARRIAGE OF JUSTICE—
ASSUMPTION.—On appeal from the judgment in favor of the de-
fendant in such action, it is not within the province of the ap-
pellate court, nor can it from the record, weigh the testimony or
determine the credibility of witnesses from all the facts that ap-
pear to the jury, but it is required to do so to the extent possible
therefrom; and before it may reverse the judgment of the trial
court it must be of the opinion that the error complained of by
plaintiff (appellant) resulted in a miscarriage of justice, and such
may not be assumed, but the result must fairly and reasonably
appear from the whole record.

[3] ID.—EVIDENCE—VERDICT—APPEAL — ERROR — MISCARRIAGE OF JUS-
TICE.—In this action for damages for breach of promise to marry,
with seduction alleged in aggravation of the damages, from the
nature of the testimony of plaintiff and one of her sons, which
was in conflict in certain material respects, and from the testi-

72 Cal. App.—35

mony of defendant denying plaintiff's charges, and his further testimony showing that in his last interview with plaintiff she requested a certain sum of money from him, saying, "You are a big man and got a lot of money," and "you come to see me and I could make you much trouble," the jury might fairly and reasonably have concluded that the allegations of the complaint were untrue; and, conceding the trial court erred in admitting evidence of the reputation of defendant for chastity and morality, such error was not, in view of the evidence as a whole, prejudicial to a degree which would justify the opinion on appeal that it resulted in a miscarriage of justice.

(1) 9 C. J., p. 357, n. 73.   (2) 4 C. J., p. 844, n. 66.   (3) 4 C. J., p. 908, n. 65, p. 1172, n. 62.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. F. Herron for Appellant.

Ralph Starke and Carl E. Lindsay for Respondent.

CASHIN, J.—Appeal by Cecelia Rodetsky from a judgment of the superior court of the state of California, in and for the city and county of San Francisco, made and entered in favor of T. A. Nerney, respondent herein.

The action was for damages for breach of promise to marry, with seduction alleged in aggravation of the damages. The case was tried before a jury. The verdict was for respondent. A motion by appellant for a new trial was denied and she appeals from the judgment.

[1] The appellant complains of certain rulings of the trial court in permitting respondent, whose character had not been attacked, to introduce evidence tending to show that his reputation for chastity and morality was good. This is the only point made by appellant as ground for reversal.

Decisions directly in point are few, and these from jurisdictions other than California. That the general rule is against the admissibility of such evidence unless the issue involves the character of the party is well settled (*Vance* v.

*Richardson,* 110 Cal. 414 [42 Pac. 909] ; *Title Ins. Co.* v. *Ingersol,* 153 Cal. 1 [94 Pac. 94] ; Greenleaf on Evidence, sec. 54; Wigmore on Evidence, sec. 64). As stated by Mr. Wigmore in the section of his work cited, it is possible to maintain that the reasons of policy for the exclusion of such evidence should be yielded to in ordinary civil cases only ; and that where a moral intent is marked and prominent in the nature of the issue the defendant's good moral character should be received as in criminal cases. And to the same effect is the decision in *Hain* v. *Holdridge,* 78 Minn. 468 [81 N. W. 522], quoted by Mr. Wigmore and cited by the respondent in this case. In *Van Horn* v. *Van Horn,* 5 Cal. App. 719 [91 Pac. 260], the court discussed and applied the rule to facts closely analogous in their nature to the instant case and decided in principle against its admissibility. That action was one for divorce in which the defendant was charged with adultery. Judgment was entered for plaintiff and defendant appealed. Among the assigned errors urged as a ground for reversal was the refusal of the trial court to permit defendant to introduce evidence of her good moral character. On appeal the court held that by the allegation of adultery appellant's character was not put in issue, and that evidence concerning it under section 2053 of the Code of Civil Procedure was properly excluded. A rehearing therein was denied both by the district court of appeal and the supreme court.

We are unable to perceive a distinction in principle between a charge of adultery in a civil case, which was held not to involve the character of a party, and a charge of seduction, which is contended here to have that effect. Both involve similar acts and are reflected in reputation at least in an equal degree; but if the charge of adultery in a civil action does not involve character in the sense that the word is used in section 2053, it cannot reasonably be said that the charge of seduction in such an action does so.

It is our conclusion that the character of respondent was not put in issue by the allegations of the complaint, and that the evidence was not admissible.

It is contended by respondent that, assuming the admitted evidence to have been improper, it but supported the presumption that respondent's conduct was in accordance with the rules of morality (*Glos* v. *McBride,* 47 Cal. App.

688, 690 [191 Pac. 67]; *White* v. *White*, 82 Cal. 427, 433 [7 L. R. A. 799, 23 Pac. 276]), and was, therefore, not prejudicial to a degree which, in view of the provisions of section 4½ of article 6 of the constitution, would warrant a reversal.

[2] It is not within our province nor can we from the record weigh the testimony or determine the credibility of witnesses, we not having before us all the facts which appeared to the jury, many of which, due to their nature, cannot be recorded; but we are required to do so to the extent possible (*Hirshfield* v. *Dana,* 193 Cal. 142 [223 Pac. 451]; *People* v. *O'Bryan,* 165 Cal. 55 [130 Pac. 1042]). Before an appellate court may reverse the judgment of a trial court it must be of the opinion that the error complained of has resulted in a miscarriage of justice. Such may not be presumed but the result must fairly and reasonably appear from the whole record. For us to say that we cannot determine therefrom that the error complained of did not have that result is not sufficient. Our conclusion in the premises must be an affirmative one (*People* v. *Chapman,* 55 Cal. App. 192, 201 [203 Pac. 126]; *People* v. *Mazzurco,* 49 Cal. App. 275, 280 [193 Pac. 164]; Const., art. VI, sec. 4½; *People* v. *O'Bryan, supra; People* v. *Roe,* 189 Cal. 548, 561 [209 Pac. 560]).

[3] An examination of the evidence shows that appellant and respondent were respectively of the ages of thirty-five and sixty-two years. Appellant, a widow, was engaged in the business of dressmaking and is the mother of two boys, one of whom, aged fifteen years, was a witness in the case. Respondent is a traveling salesman. The parties became acquainted in the month of October, 1921, in the course of certain negotiations for the leasing by appellant of a house owned by respondent. The proposed arrangement was not consummated, but thereafter, following a casual meeting on the street, respondent called on several occasions at the home of appellant, and they from time to time visited various public places together. In the course of her testimony the appellant stated that the marriage proposal was made at her home by respondent during the absence at school of both her children; that she hesitated to accept, telling respondent that she had known him "just for a couple of days"; and that on this occasion the first act of intercourse took place. Her testimony as to the date of this meeting was contradic-

tory. It might be inferred therefrom that it was a few days or several weeks after their first meeting. Nor is it clear whether the alleged promise of marriage was made before or after the first act of intercourse. She further testified that due to the relations of intimacy thus established she became pregnant. There was no corroboration of her testimony in these respects other than the testimony of her son, Theodore Rodetsky, to the effect that respondent visited appellant from time to time, one occasion being at the hour of noon. This witness testified that respondent visited appellant during the evening of the last-mentioned day, and that at that time the witness while looking through the keyhole of the door saw the parties seated on a sofa and heard respondent ask appellant to marry him, and that appellant then and there agreed. Appellant further testified that the first act of intercourse, whatever the date, was during the daytime and in the absence of her children, and that the proposal accepted by her was also made in the daytime and during such absence. That such proposal should have been renewed and again accepted at any time thereafter seems improbable, and, in the minds of the jury, might tend to throw doubt on the truth of the testimony of the son, and might, together with the method used to gain information as to the facts testified to, lead to the conclusion that his testimony was not entitled to full weight and credit.

Respondent denied the alleged offer of marriage and the acts of intercourse; admitted his acquaintance with appellant and various visits to her home and that he accompanied her to places of amusement, and further testified that on his last visit to her house during the month of November, 1921, in response to a call from her by telephone, appellant requested of respondent the sum of $500—whether as a loan or a gift the record does not show—stating to him, "You are a big man and got a lot of money," and "You come to see me and I could make you much trouble"; that thereupon respondent departed and their relations ceased. This testimony as to the conversation on the last day mentioned was not denied by appellant.

From the nature of the testimony of appellant and her son and from the uncontroverted testimony of the respondent last set forth it is our opinion that a jury might fairly and

reasonably have concluded that the allegations of the complaint were untrue; and it is our conclusion that, conceding that the admission of the evidence of character was error, such error was not, in view of the evidence as a whole, prejudicial to a degree which would justify the opinion that it resulted in a miscarriage of justice.

It is therefore ordered that the judgment be affirmed.

Knight, J., and Tyler, P. J., concurred.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 6, 1925.

All the Justices present concurred.