Argued June 29; affirmed. July 17; rehearing denied
October 2, 1934

STATE *v.* RUSSELL

(34 P. (2d) 941)

*Robin D. Day,* of Salem, for appellant.

*Elmer Barnhart,* of Independence, for the state.

ROSSMAN, J. The first assignment of error is based upon the denial of the defendant's motion which sought postponement of his trial. The complaint was filed in one of the justice courts of Polk county, December 11, 1933. Upon the same day the defendant was tried and found guilty. Subsequently he appealed to the circuit court where, on January 15, 1934, the cause was tried, resulting in a disagreement of the jury. It was then placed upon the docket for trial on January 23, 1934. January 22, 1934, the defendant filed a motion for a postponement of the trial, accompanied with an affidavit, signed by himself, and with another signed by Dr. C. H. Schenk. In his affidavit the defendant swore that he had subpoenaed all of his witnesses, including one Faye Russell, the wife of his brother, to be present in the court room of the circuit court on January 23, 1934, but that, due to illness, Mrs. Russell would be unable to attend the trial. We now quote from his affidavit the following:

"That said Faye Russell will testify that she was with me from approximately 8 o'clock p. m. on the 9th day of December, 1933, until I was lodged in the Polk County jail; that I was not intoxicated; also as to the conversation had between myself and the officer and anyone else from the time I was stopped in West Salem, Polk County, Oregon, and lodged in jail; she will further testify that I had nothing to drink except a very small amount of 3.2 beer, and that the car which I was operating has a tendency to go from the right toward the left side of the road due to a loose steering gear. Said Faye Russell will also give material testimony as to matters and things which happened after

she left me to be taken home by the officer, the nature of this evidence is such that it cannot be revealed until time of trial without prejudice to me. Furthermore, I expect to use said Faye Russell as a material witness on rebuttal. This case was first tried on the 15th day of January, 1934, at which time the jury disagreed as to the verdict. That during the trial of said case the state put on testimony in rebuttal which was very damaging to me, and I expect to use Faye Russell to rebut said testimony should the state attempt to follow the same procedure as in the first trial."

Dr. Schenk's affidavit stated that he is the physician attending Faye Russell, and that, due to illness, she "will not be able to leave her bed for a week's time". The motion was denied. Upon the morning of the trial the defendant's counsel again moved for a postponement based upon the same grounds and declared that the absent witness would testify as indicated in the defendant's affidavit. He added that she would also swear "that Officer Thomason, on the way from the jail to the garage where he stored the defendant's car, made the statement to her if the defendant Miles Russell, driver of the car, was not drunk he certainly talked like it; she would further testify that Mr. Thomason mentioned to her in West Salem afterwards that the defendant Miles Russell must still be drunk from the way he talked. This last conversation was on Monday, December 11, 1933. She would also testify that some of the testimony given at the first trial on the 15th day of January, 1934, was wrong, the reason therefor being that she was very nervous on the witness stand and did not know what she was saying part of the time, and when she was confronted afterwards with the testimony she gave she was greatly surprised." This motion was denied when the district attorney agreed that the testimony of Faye Russell as given upon the first trial could be read to the jury.

■■ Besides testifying in his own behalf, the defendant produced the testimony of nine other witnesses and cross-examined the four who were produced by the state. One or more of these nine witnesses related every fact specifically mentioned in the language quoted from the defendant's affidavit. As to these matters, the testimony of Faye Russell would have been cumulative. There is no showing that the state, upon the second trial, pursued "the same procedure as in the first trial", and, hence, we do not know whether the development occurred for which the defendant desired to use Faye Russell as a rebuttal witness. The portion of the defendant's affidavit which avers that Mrs. Russell would give testimony "that cannot be revealed until time of trial" seems to subscribe to the belief that judicial procedure countenances the use of masked batteries; if this is so, this portion of the affidavit disclosed no facts revealing whether the proposed testimony was admissible, material and substantial. Materiality and admissibility must be shown: Bowers Judicial Discretion, § 195. The portion of the statement of defendant's counsel that Faye Russell "would also testify that some of the testimony given at the first trial on the 15th day of January, 1934, was wrong" fails to indicate the portions which were erroneous.

Oregon Code 1930, § 2-107, provides:

"A motion to postpone a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence. * * * The court may also require the moving party to state upon affidavit the evidence which he expects to obtain, and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed. * * *"

■ We have carefully considered this motion. There are three reasons why its denial does not present ground for reversal: (1) As pointed out in *Lew v. Lucas*, 37 Or. 208 (61 P. 344), the above-quoted statute provides that the postponement shall not be ordered if the party opposing the motion admits that the indicated evidence be deemed given. Since the state agreed that Mrs. Russell's testimony, as given upon the first trial, could be read to the jury, the court properly ordered that the trial proceed. (2) The testimony of Faye Russell indicated by those portions of the defendant's affidavit which are specific was cumulative to the testimony of other witnesses who testified in behalf of the defendant. Generally, a denial of a motion for postponement will not be deemed ground for a reversal if the absent witness's testimony is cumulative: 4 C. J., Appeal and Error, p. 947. (3) Apart from the provisions of the above-quoted statute which afford the opposing party a right to insist that the trial proceed when he admits that the testimony indicated by the proponent of the motion be considered as given, the statute intrusts the disposition of the motion to the discretion of the presiding judge. The judge who denied the motion for the postponement presided over the first trial, and was, therefore, familiar with all of the circumstances. We have confidence in his judgment. We know of nothing which indicates an abuse of his discretionary power. We, therefore, conclude that this assignment of error discloses no merit.

■ The remaining assignment of error is predicated upon the trial judge's refusal to incorporate in his instructions three requested instructions submitted by the defendant. The statute which defines the crime

charged in the complaint (§ 15-201, Oregon Code 1930) provides:

"It shall be unlawful for any person, while in an intoxicated condition, or under the influence of intoxicating liquor, to drive   *   *   *."

One of the requested instructions states that "under the influence of intoxicating liquor" and "in an intoxicated condition" are synonymous terms. Another states that "proof of the ¦drinking of intoxicating liquor is not in itself alone sufficient to sustain a conviction under the statute". And the third states: "You are instructed not to take into consideration in this case any physical ailment that the defendant naturally has." Probably the reverse of this was intended. The defendant's brief states that the defendant normally talks and walks like an intoxicated person and possesses the complexion of one. From the fact that he chose to sleep upon the hard cement floor of his cell alongside of his cot, we assume that he also sleeps like an intoxicated person. The instructions given defining intoxication were extensive, and were couched in language readily understandable by a layman. Their correctness is not challenged by the defendant. Any juror having the qualifications exacted of him by Article VII, § 5, Oregon Constitution, which provides that "the most competent of the permanent citizens of the county shall be chosen" for jury service, should have no difficulty in understanding the meaning of the above-quoted statute, especially after hearing the instructions. If any experienced any difficulty with such a simple statute, it is hard to understand how he could have found his way to the courthouse.

We find no error in the record, and, therefore, the judgment of the circuit court will be affirmed.

RAND, C. J., and BELT and KELLY, JJ., concur.