ROBERT DANAHY *v.* COLUMBUS CUNEO ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 6—decided June 29, 1943.

*Charles G. Albom,* with whom was *Joseph M. Brandon,* and, on the brief, *David E. FitzGerald, Jr.,* for the appellant (named defendant).

*Morris Tyler,* for the appellee (plaintiff).

BROWN, J. In this action for damages for personal injuries sustained by the plaintiff while riding as a passenger in the defendant Columbus Cuneo's automobile driven by the defendant Frank Cuneo, the plaintiff had a verdict against both defendants. The defendant Columbus, hereinafter referred to as the defendant, only has appealed, solely on the ground of claimed errors in the court's charge. The complaint alleged negligence by the defendant Frank in the operation of the car as a family car within the scope of his authority. In answer to an interrogatory, the jury found that at the time of the accident the car was being so operated within the scope of the general authority of the defendant Columbus, herein referred to as the defendant. Frank was the defendant's minor son who with the plaintiff attended the Milford School. The defendant, who lived in Chicago, owned the automobile and permitted Frank to keep it at Milford while he was there at school. At about 9 p. m. on March 2, 1940, Frank was driving the car southerly on the Grassy Hill Road in the town of Orange. He proceeded at high speed and lost control on a curve, and the car collided with two trees at the side of the road, demolishing it

and seriously injuring him and the plaintiff, who was a passenger on the rear seat. The principal contested issue as to the defendant's liability was whether Frank was his agent under the family car doctrine. In this connection there were extensive claims of proof concerning the permission given Frank to use the car and the use made of it by him.

The plaintiff also claimed to have proved that three or four days after the accident, at the hospital where he was desperately ill, his mother met the defendant, who had called there to see Frank, whereupon the defendant told her not to spare any expense and that he would take care of everything. The defendant assigns error in the court's charge concerning the effect of this statement as an admission. It charged: "Included among the relevant evidence admitted for your consideration are so-called admissions of a party to a suit, that is, a plaintiff or defendant, made out of Court . . . . Such a claimed admission was a statement claimed to have been made by Columbus Cuneo to Mrs. Danahy in the hospital, about his paying all of the expenses in the hospital, and the statement claimed to have been made by Frank Cuneo that his car was proceeding one hundred miles per hour. These are to be considered, if you find them proved to have been made, only as against the particular defendant claimed to have made them. . . ." Subsequently, it gave this further instruction, later reiterated: "If you should find that the defendant, Columbus Cuneo, stated to Mrs. Danahy in the hospital that he would pay for the medical expenses necessitated by the plaintiff, Robert Danahy's injuries, and that at that time he knew that his car was the one involved in the accident and was then being operated by Frank Cuneo, you may infer from this conduct of the defendant, Columbus Cuneo, if, but only if, you find it reasonable so to do, that the

defendant, Frank Cuneo, was operating the car as a family car under circumstances making Columbus Cuneo liable for the acts of Frank Cuneo in the operation of the car at the time in question."

So far as appears from the record, had the defendant interposed timely objection to the admission of this statement in evidence, the court should have excluded it, since whether it was made out of a sense of moral responsibility because his son was operating the car or a desire to compromise or as an admission of liability was mere speculation. *Murphy* v. *Ossola*, 124 Conn. 366, 377, 199 Atl. 648. While there are some decisions to the contrary we are satisfied that this is the correct rule, and it is supported by ample authority. It has been so held of claimed admissions by conduct such as the furnishing of medical treatment to a plaintiff. *Winningham* v. *Travelers Ins. Co.*, 93 Fed. (2d) 520, 521; *Sias* v. *Consolidated Lighting Co.*, 73 Vt. 35, 41, 50 Atl. 554; *Barber* v. *Southern Ry. Co.*, 193 N. C. 691, 695, 138 S. E. 17. The same is true as to offers or promises to pay for such care or to continue the plaintiff's wages during his disability. *Grogan* v. *Dooley*, 211 N. Y. 30, 105 N. E. 135; *Smith* v. *Bailey*, 14 App. Div. 283, 43 N. Y. S. 856; *Wilson* v. *Daniels*, 250 Mass. 359, 364, 145 N. E. 469; *Libbee* v. *Handy*, 163 Wash. 410, 414, 1 Pac. (2d) 312; 2 Wigmore, Evidence (3d Ed.), p. 159, § 283a; and see *Martin* v. *Burgess*, 82 Fed. (2d) 321, 323. There is nothing in this record to indicate that the words of Judge Cardozo in the *Grogan* case, supra, 31, are not equally applicable to the statement here in question: "The defendants' offer was not made in response to any demand for compensation. It was not made in circumstances from which it might take form and color as a confession of fault. It was a voluntary act of mere benevolence. Nothing in the evidence permits it to be interpreted as anything

else." This is true also of the quotation he makes from the *Sias* case, supra: "It is doubtless true that such evidence might be offered in a connection that would give it the effect claimed [by the plaintiff], but we think the mere fact that an employer furnishes a physician or nurse for one who meets with a disabling accident in his service ought not to be received as evidence tending to establish liability. . . . Such an act should be treated as a humane recognition of an existing necessity, and not as an admission of the justice of a claim not then asserted."

The failure of the defendant, by proper objection made, to prevent the introduction of the statement in evidence was not effective to transmute it from inadmissible into competent testimony. ". . . since it was admitted and suffered to stand without objection, it became and remains 'evidence in the case, subject, of course, to any infirmative suggestions due to its inherent weakness.' 4 Chamberlayne on Evidence, § 2701; *State* v. *Segar*, 96 Conn. 428, 437, 114 Atl. 389; *Damon* v. *Carrol*, 163 Mass, 404, 40 N. E. 185." *Poliner* v. *Fazzino*, 105 Conn. 350, 353, 135 Atl. 289; *Doris* v. *McFarland*, 113 Conn. 610, 614, 156 Atl. 58. It was only "available for whatever it was worth upon its face." *State* v. *Segar*, supra; *Keeler* v. *Sears, Roebuck Co.*, 121 Conn. 56, 60, 183 Atl. 20. Its value was limited to "its natural probative effect." Note, 104 A. L. R. 1130; 20 Am. Jur. 1036. The court by its instructions, instead of telling the jury that this testimony by reason of its inherent weakness under the principles just recited would not warrant the inference that Frank was operating the car as a family car, rendering the defendant liable for his acts, charged per contra that it could afford a sufficient basis for this inference. The court's instructions further gave the jury to understand that the statement in question was

an admission of like probative value, as against the defendant, to that of Frank's concerning speed, as against him. In these respects the charge was erroneous. A fundamental contested issue determinative of the defendant's liability was whether the defendant Frank was acting as his agent under the family car doctrine. These instructions, permitting, as they did, the jury to give to the claimed statement the unwarranted and controlling effect on this vital issue which we have indicated, were so potentially prejudicial as to constitute reversible error.

The defendant further claims that the court erred in charging the jury that they might find negligence in Frank's operation of the car in violation of the provision of the General Statutes, § 1639, which requires an operator of a motor vehicle to reduce his speed upon approaching a curve, if reasonable care requires such action, "provided signs on the highway, legible for a distance of one hundred feet, indicate" the curve. While there was a claim of proof that such a sign existed, there was none that it was visible for a distance of one hundred feet, and without proof of that fact the statute would not apply. *Olson* v. *Musselman*, 127 Conn. 228, 234, 15 Atl. (2d) 879. The charge was therefore erroneous.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.