Argued May 1, affirmed September 10, 1964

# SIMS *v.* SOWLE

395 P. 2d 133

*E. L. Crawford,* Salem, argued the cause for appellant. On the brief were Crawford & Garrett.

*Douglas E. Kaufman,* Tillamook, argued the cause for respondent. On the brief were McMinimee & Kaufman.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

In this action for assault and battery the plaintiff had a verdict and judgment for $6,000 and defendant has appealed.

The alleged assault took place after one o'clock of a Sunday morning in the restaurant and bar of the Tourist Hotel in Hebo, Oregon. The defendant admitted in his answer that he struck the plaintiff and alleged that he did so in self-defense.

Defendant assigns as error the denial by the court of his motion for a continuance based on the ground

that one James D. Hurliman, a material witness, could not appear at the trial and testify. The motion was supported by Hurliman's affidavit sworn to on March 21, 1963, in which he stated that he had enlisted in the United States Army on December 27, 1962, and that he had orders to report at Fort Belvoir, Virginia, on March 22, 1963; and by a telegram which Hurliman sent to defendant's attorney from Alexandria, Virginia, under date of March 27, 1963, reading: "CANT LEAVE EMERGENCY ONLY." Defendant's motion was filed on March 29, 1963.

A counter-affidavit of Douglas E. Kaufman, one of plaintiff's attorneys, states that depositions of the parties to the cause were taken on December 13, 1962; that at that time defendant's counsel told plaintiff's counsel that he wanted to take the deposition of the witness James D. Hurliman; that counsel for plaintiff stated that he would cooperate in taking such deposition; that nothing further was done about the matter by counsel for the defendant until March 20, 1963, at which time counsel for plaintiff was engaged in the trial of a case which lasted four days. It further appears from Mr. Kaufman's affidavit that on December 6, 1962, the court gave notice that the case would be tried on April 2, 1963. There was no denial of the facts stated in Mr. Kaufman's affidavit.

The defendant sought a continuance to a convenient date in December of 1963, because Hurliman would not be available as a witness until that time.

It is familiar law that a motion of this kind is addressed to the sound discretion of the trial court, a clear abuse of discretion. *State v. Otten,* 234 Or 219, and its action thereon will not be reviewed, except for

222, 380 P2d 812, and cases there cited. We think that no such abuse appears here. In view of the fact that counsel for defendant apparently knew in December 1962 that Hurliman could not attend the trial and that it would be necessary for him to testify by deposition if the trial was to be held on the date fixed by the court, and the willingness of counsel for the plaintiff to cooperate in taking the deposition, the trial judge might well have concluded that the defendant had failed to use due diligence to obtain the testimony of the witness, *Day v. Day,* 137 Or 159, 161, 1 P2d 123; 12 Am Jur 469, Continuances § 28. There are other reasons why the showing in support of the motion does not measure up to established requirements, see 12 Am Jur 465, Continuances § 23; but it is unnecessary to discuss them. The defendant argues that the court should have made denial of the motion conditional on plaintiff admitting that the witness, if present, would have testified to the facts stated in his affidavit, as may be done under ORS 17.050.[1] Resort to this statute is not mandatory. If the grounds of the motion are inadequate, the court may properly deny it without requiring any admission from the opposing party, 12 Am Jur 480, Continuances § 46; and see *Lew v. Lucas,* 37 Or 208, 211, 61 P 344.

---

[1] ORS 17.050 reads:

"A motion to postpone a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, what diligence has been used to procure it, and the name and residence of the witness or witnesses. The court may also require the moving party to state upon affidavit the evidence which he expects to obtain, and if the adverse party thereupon admit[s] that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed. The court, when it allows the motion, may impose such conditions or terms upon the moving party as may be just."

In the fracas which led to this lawsuit, the defendant struck the plaintiff in the face with his fist. The blow was sufficient to send the plaintiff to the hospital. While he was there, some four days after the incident, the defendant went to see him and told him "that he was very sorry for what he had done, for what had happened, and that he would be willing to pay the bills, the hospital and doctor bills." Plaintiff answered that he was going to suffer loss of time also and defendant replied "that it would be no more than fair that he would pay that also." After plaintiff's release from the hospital, defendant called on him at his home and repeated his offer. During the conversation he told the plaintiff "that it seemed like he got out of one mess right into another." The plaintiff told the defendant "I had to go to Portland to have my nose worked on, an operation on it, and that I didn't have all the bills, therefore I couldn't give them to him at the present time."

Appropriate objections to this testimony, which was given by the plaintiff and his wife, were made by the defendant. The objections were overruled and the rulings are assigned as error.

■ In *Briggs v. John Yeon Co.*, 168 Or 239, 254, 122 P2d 444, we approved the rule that in a personal injury action evidence of a voluntary offer by the defendant to pay the plaintiff's medical, hospital and similar expenses was not admissible as evidence of liability on the part of the one making the offer, at least in the absence of other circumstances indicating consciousness of fault. This rule was followed in *Dunning v. Northwestern Electric Co.*, 186 Or 379, 441, 199 P2d 648, 206 P2d 1177, and *Phillips, Gdn. v. Creighton, Adm.*, 211 Or 645, 650, 316 P2d 302. The

cases generally support it, see Annotation, 20 ALR2d 291. As stated in 31A CJS 742, Evidence § 291:

"The tender of medical care to the injured person by one whose conduct or property caused the injury, or on whose premises the injury occurred, is susceptible of a construction as an admission of legal liability or as an act of benevolence. As a matter of public policy the courts have tended to construe such conduct as an act of benevolence, particularly where such construction is reinforced by the circumstances, and hence not admissible in evidence as an admission of liability."

No reason occurs to us why the same rule should not apply in an action for assault and battery as in a negligence case.

■ We think, however, that there is evidence in the present case which would permit a jury to find that the offer of the defendant to pay the plantiff's hospital and other expenses carried with it an admission of fault. Darlene Thompson, barmaid at the Tourist Hotel, was a witness to the alleged assault and battery. She testified that two days later the defendant returned to the bar "and he had came back to apologize to me for the trouble he caused, and he had asked for Mr. Brown, to apologize to him, and he apologized to him and he apologized to Mrs. Brown for causing whatever trouble it was, and he told me then that he wanted to get ahold of Mr. Sims to apologize to him." This testimony was uncontradicted. The Mr. and Mrs. Brown referred to were the owners of the Tourist Hotel.

A dictionary definition of "apology" is "an admission to another of a wrong or discourtesy done him, accompanied by an expression of regret." Webster's New International Dictionary (2d ed). The defendant

did not use the word "apologize" in his conversation with the plaintiff in the hospital, but it is not unreasonable to construe his statement that he was sorry for what had happened as an apology, because that was his declared purpose in going to see the plaintiff. We think the jury might have so regarded it. Analogy may be found in the rule that evidence of a declaration of a person's intention to do an act is admissible to show that the act was probably done. *King v. Ind. Acc. Com.,* 211 Or 40, 59, 309 P2d 159, 315 P2d 148, 318 P2d 272; *McKinnon v. Chenoweth,* 176 Or 74, 96, 155 P2d 944; *State v. Farnam,* 82 Or 211, 250, 161 P 417, Annotated Cases 1918A, 318.

■ The evidence under consideration was not inadmissible as showing an offer of compromise. As the court said of a similar situation in *Arnold v. Owens,* 78 F2d 495, 497 (4th Cir. 1935):

> "It is of course settled that an offer of compromise is privileged and may not be received in evidence; but it is not clear to us from the record in this case that an offer of this kind was being made, for the parties were not discussing a claim for damages or a proposition for settlement."

■ Over objection of the defendant the court permitted testimony to be given by a witness, called on behalf of the plaintiff, that the plaintiff had a good reputation in the community in which he lived for peace and quietude and orderly conduct. The ruling is assigned as error.

Pursuant to ORS 19.074 (2) (a) and (b) and (3), only a partial transcript has been brought to this court. It does not clearly appear therefrom whether the testimony objected to was introduced during the plaintiff's case in chief or in rebuttal, though it may

be inferred from a statement of counsel for the plaintiff when the objection was made that it was the latter. There is nothing, however, in the transcript to show that the defendant at any time attacked the reputation or character of the plaintiff and it will be presumed, therefore, that he did not.

In *Linkhart v. Savely,* 190 Or 484, 494, 227 P2d 187, we held that where, in an action for assault and battery, the defendant pleads and introduces evidence of self-defense, evidence of the turbulent character of the plaintiff is admissible, whether such character be known to the defendant or not. In *Rich v. Cooper,* 234 Or 300, 380 P2d 613, the court, while recognizing this rule in assault and battery cases as an exception to the general rule that evidence of a person's character is not admissible to prove his conduct on a particular occasion, refused to apply the exception to an action against a police officer for assault and battery committed while making an arrest in which the defendant contended that the arrest was resisted. The presumption that a police officer acts in good faith in determining the amount of force necessary to make an arrest was said to be "sufficient to serve the policy" applied in cases of assault and battery.

What we were concerned with in these cases was not, as here, an initial attempt by a party to prove his good reputation for peace and quietude before that reputation had been called in question in any way, but an attack on the adverse party's reputation in that regard. In the latter instance, of course, the party attacked may introduce evidence to meet and overcome the attack; but by the weight of authority "evidence of good character or reputation is not relevant in the first instance *in a civil action* or where the repu-

tation of the party has not been first attacked by evidence of bad character. The law presumes the reputation and character of a party to be good until the contrary is shown and he can safely rest on that presumption." 1 Jones on Evidence (5th ed, 1958) 307, § 175. Accordingly, this court held in *Cooper v. Phipps,* 24 Or 357, 33 P 985, 22 LRA 836 (opinion by Mr. Justice R. S. BEAN), an action for libel, that it was error to admit during the plaintiff's case in chief evidence of her good reputation for chastity and virtue before any attack was made by the defendants, either in the pleadings or otherwise, upon the character of the plaintiff. We there said: "The law presumes the plaintiff's character to be good until it is attacked, and she may safely rest upon this presumption, and no evidence that she may offer can add to or increase its force or virtue." 24 Or at 363. See, also, *Lester v. Gay,* 217 Ala 585, 117 S 211, 59 ALR 1561; *Conrad v. Roberts,* 95 Kan 180, 147 P 795; *Hitchcock v. Moore,* 70 Mich 112, 37 NW 914; Annotation, 28 ALR 762, at 764.

Admission of the testimony in question was error. It remains to consider whether it is ground for reversal.

The evidence of disinterested witnesses, Mr. Brown and the barmaid, tended to show an unprovoked assault upon the plaintiff by the defendant. While there is some evidence that the plaintiff struck the defendant's arm before the defendant struck the plaintiff, yet, evidence introduced on behalf of the defendant, including that of the defendant himself, indicated that he struggled with bystanders, some of them his friends, who were attempting to keep him away from the plaintiff, and succeeded in throwing them off and striking

the plaintiff in the face and knocking him to the floor. The evidence of self-defense was paper thin, and we think that, under the circumstances, the erroneous admission of testimony that the plaintiff had a good reputation for peace and quietude does not justify a reversal. See *Rodetsky v. Nerney,* 72 Cal App 545, 237 P 791; *Conrad v. Roberts,* supra, 95 Kan at 182. Cf. *Grogan v. Dooley,* 211 NY 30, 32, 105 NE 135.

The judgment is affirmed.

O'CONNELL, J., specially concurring.

The principal opinion expresses the view that a party to an action for assault and battery may not prove his reputation for peace and quietude before that reputation is called in question by the other party. I cannot accept this view. Where there is an issue as to who committed the first act of aggression, evidence of the good or bad reputation of both parties is relevant. The effect of the majority opinion is to recognize that the plaintiff may show that the defendant has a reputation for being quarrelsome but plaintiff may not, prior to an attack upon his character, show that he himself has a reputation for being peaceable. The latter evidence is no less relevant than the former on the issue of who was the first aggressor. I do not mean to suggest that a party may always attempt to prove his good reputation in the trial of a cause. The issue may be such that plaintiff's reputation is not relevant. However, plaintiff's reputation is relevant to the issue of first aggression and evidence of that reputation should be admitted. *Brown v. Simpson,* 293 Ky 755, 170 SW2d 345 (1943) (reaffirmed in *Brown v. Crawford,* 296 Ky 249, 177 SW2d 1 (1944)); *J. C. Penney Co. v. Gravelle,* 62 Nev 434, 155 P2d 477

(1945) ; *Breckenridge v. Drummond,* 55 Okl 351, 155 P 555 (1916) ; 1 Jones, Evidence § 173, p. 305 (1958) ; McCormick, Evidence § 159, p. 339 (1954). *Phillips v. Mooney,* 126 A2d 305 (D. C. Mun. App. 1956) (dictum).

DENECKE, J., joins in this opinion.